WILLIAM L. FLOWERS AND WIFE, ELIZABETH R. FLOWERS; WALTER L. FLOWERS AND WIFE, SUSAN L. FLOWERS, PLAINTIFFS v. BLACKBEARD SAILING CLUB, LTD., A NORTH CAROLINA CORPORATION, DEFENDANT

No. 933SC749

(Filed 21 June 1994)

**Waters and Watercourses § 57 (NCI4th)— riparian rights— CAMA permit—trespass—failure to pursue administrative remedies**

The trial court did not err in a trespass action by granting defendant's motion to dismiss for lack of subject matter jurisdiction, but did err by allowing a motion to dismiss for failure to state a claim upon which relief may be granted, where defendant filed for a CAMA permit for construction of a pier, plaintiff William Flowers submitted written objections, the Division of Coastal Management issued the permit, plaintiff did not request a contested case hearing, and plaintiffs began this action 22 months later, alleging that defendant's pier encroaches the riparian boundary between plaintiffs' and defendant's property. The location of the boundary was settled as a part of the DCM permitting process; an administrative body with expertise in the subject matter of the action should be given the first opportunity to correct any errors and this policy has the status of a jurisdictional prerequisite when a party has effective administrative remedies. The superior court lacked subject matter jurisdiction to review the location of the boundary, which was the only material issue in the action, and therefore could not dismiss the complaint with prejudice under N.C.G.S. § 1A-1, Rule 12(b)(6).

**Am Jur 2d, Waters §§ 86-95.**

Appeal by plaintiffs from order entered 10 May 1993 by Judge Napoleon B. Barefoot in Craven County Superior Court. Heard in the Court of Appeals 14 April 1994.

Plaintiffs and defendant are property owners on the Upper Broad Creek which branches off the Neuse River in Craven County. Defendant operates a sailing club where members are permitted to moor their sailboats along the piers in front of defendant's property. Defendant originally had two piers, but the need arose for a third pier that would allow larger sailboats to moor in larger deep water slips. In November 1990 defendant filed an application for a Coastal Area

Management Act (CAMA) major development permit for construction of the third pier.

The Department of Environment Health and Natural Resources implements CAMA through the Coastal Resources Commission (CRC). Permitting decisions are delegated to the Division of Coastal Management (DCM). Plaintiff William Flowers submitted written objections to the DCM. After reviewing plaintiffs' objections, and comments from concerned agencies, DCM issued the permit to defendant. At that time plaintiffs did not request a contested case hearing concerning issuance of the permit. Twenty-two months after the permit was issued plaintiffs commenced an action for trespass in the superior court, alleging that defendant's pier encroaches over the riparian boundary between plaintiffs' and defendant's property. Defendant moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The trial judge allowed the motion on both grounds and entered an order dismissing plaintiffs' claim with prejudice. From this order plaintiffs appeal.

*Ward, Ward, Willey & Ward, by A.D. Ward, for plaintiff appellants.*

*Ward and Smith, P.A., by I. Clark Wright, Jr., for defendant appellee.*

ARNOLD, Chief Judge.

The location of the riparian boundary line between plaintiffs' property and defendant's property is crucial in plaintiffs' trespass action. The location of that boundary was settled by the DCM as part of the permitting process. By asserting the present trespass action plaintiffs collaterally attack the DCM's decision and seek to have the superior court realign the riparian boundary in accordance with their alleged boundary line. Without that realignment no part of defendant's pier intrudes into plaintiffs' riparian access area, and consequently there is no trespass. We agree with the superior court that it lacked jurisdiction to define a new boundary line when plaintiffs did not exhaust their remedies before the Coastal Resources Commission.

Regulations governing permit application are designed to protect the public's right to use navigable waters, and this protection specifically extends to property owners adjacent to proposed development sites. Pursuant to those regulations applicants are required to attach

maps and workplat drawings of the proposed development along with proof that adjacent property owners received copies of the application for the proposed development. 15A N.C. Admin. Code § 07J.0203 and 15A N.C. Admin. Code § 07J.0204(b)(5). The record, which contains the DCM file, reflects defendant's compliance with these regulations. The record also reflects that plaintiffs received notice of the proposed development and were aware of the proposed riparian boundary line between the two riparian access areas.

15A N.C. Admin. Code § 07H.0208(b)(6)(E) provides detailed guidance on the manner in which the riparian boundary between two properties is established.

> The line of division of areas of riparian access shall be established by drawing a line along the channel or deep water in front of the properties, then drawing a line perpendicular to the line of the channel so that it intersects with the shore at the point the upland property line meets the water's edge.

This method of determining riparian boundaries was expressly approved in *In re Mason*, 78 N.C. App. 16, 28, 337 S.E.2d 99, 106 (1985), *disc. review denied*, 315 N.C. 588, 341 S.E.2d 27 (1986). This regulation also provides that any development must be set back fifteen feet from the riparian boundary. *Id.* Following this method, defendant drew a perpendicular line from the center of Upper Broad Creek to the parties' common property line and drew in the proposed pier fifteen feet back from that line. A DCM field investigation report shows that defendant's plan complied with the set-back requirement to the DCM's satisfaction. The report provides:

> The proposed pier will be offset from [plaintiffs'] property line by at least 15' as the structure intersects the highground property. The applicant has, in the planning of the project, observed the CAMA 15' sideline setback requirement. This was determined by surveying a 90 [degree] angle from the center line of Upper Broad Creek . . . .

Based upon this report and the other application materials, the DCM approved defendant's plans, including the riparian boundary, and issued the permit. Plaintiffs were provided a copy of the permit which, on its face, informed them they had twenty days to appeal the decision. The permit also informed plaintiffs that work on the project would not begin until any appeal was resolved.

Appeal from the permitting decision by a third party is pursuant to N.C. Gen. Stat. § 113A-121.1(b) (1989) which provides that

> A person other than a permit applicant or the Secretary who is dissatisfied with a decision to deny or grant a minor or major development permit may file a petition for a contested case hearing only if the [Coastal Resources Commission] determines that a hearing is appropriate. A request for a determination of the appropriateness of a contested case hearing shall be made in writing and received by the Commission within 20 days after the disputed permit decision is made. A determination of the appropriateness of a contested case shall be made within 15 days after a request for a determination is received and shall be based on whether the person seeking to commence a contested case:

> (1) Has alleged that the decision is contrary to a statute or rule;

> (2) Is directly affected by the decision; and

> (3) Has a substantial likelihood of prevailing in a contested case.

> If the Commission determines a contested case is appropriate, the petition for a contested case shall be filed within 20 days after the Commission makes its determination. A determination that a person may not commence a contested case is a final agency decision and is subject to review under Article 4 of Chapter 150B of the General Statutes.

G.S. § 113A-123(a) then provides that any person directly affected by a decision or order of the Commission under this part may appeal to the superior court pursuant to the provisions of Chapter 150B. These statutes provided a direct and immediate route for plaintiffs to contest the location of the riparian boundary.

If a statute provides a means for superior court review, this is the exclusive means. *Snow v. North Carolina Bd. of Architecture*, 273 N.C. 559, 570-71, 160 S.E.2d 719, 727 (1968). So long as the statutory procedures provide effective judicial review of an agency action, courts will require a party to exhaust those remedies. *See Porter v. North Carolina Dept. of Ins.*, 40 N.C. App. 376, 253 S.E.2d 44, *disc. review denied*, 297 N.C. 455, 256 S.E.2d 808 (1979). "This is especially true where a statute establishes, as here, a procedure whereby matters of regulation and control are first addressed by commissions

**FLOWERS v. BLACKBEARD SAILING CLUB**

[115 N.C. App. 349 (1994)]

or agencies particularly qualified for the purpose." *Presnell v. Pell,* 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979). The administrative body with expertise in the subject matter of the action should be given the first opportunity to correct any errors. *Id.* This policy of judicial restraint has the status of a jurisdictional prerequisite when a party has effective administrative remedies. *Id.* at 722, 260 S.E.2d at 615.

Plaintiffs had effective administrative remedies at their disposal but did not resort to them. A myriad of CAMA regulations apply to the construction of piers. If defendant did not comply with these regulations or if the DCM improperly issued the permit, G.S. §§ 113A-121.1 and 123(a) provide the appropriate recourse to the CRC and superior court. If defendant did not correctly define the riparian boundary pursuant to regulation, it was within the CRC's power to correct that error. The CRC possesses the necessary expertise to discover and correct any errors on this issue and should have been given the first opportunity to review the boundary pursuant to G.S. § 113A-121.1. Because plaintiffs failed to pursue their administrative remedies the superior court lacked subject matter jurisdiction to review the location of the boundary. Because the location of the boundary is the only material issue in plaintiffs' action, the action was properly dismissed for lack of subject matter jurisdiction.

Plaintiffs make an argument on the propriety of the DCM's decision to issue a permit to defendant. This argument is irrelevant to plaintiffs' trespass action, and it is also one which should have first been addressed to the CRC pursuant to G.S. 113A-121.1. We therefore do not consider this argument.

Plaintiffs finally argue that the superior court erred by dismissing their complaint with prejudice. Defendant agrees with plaintiffs that the superior court could not dismiss the complaint with prejudice under N.C.R. Civ. P. 12(b)(6) if the court lacked subject matter jurisdiction over plaintiffs' claim. Because we affirm the dismissal based on lack of subject matter jurisdiction we vacate that part of the judgment dismissing the complaint with prejudice.

Affirmed in part.

Vacated in part.

Judges GREENE and McCRODDEN concur.