**LEEUWENBURG v. WATERWAY INVESTMENT LIMITED PARTNERSHIP**

[115 N.C. App. 541 (1994)]

WILLIAM C. LEEUWENBURG, Plaintiff/Appellant v. WATERWAY INVESTMENT LIM-
ITED PARTNERSHIP, a North Carolina Limited Partnership, and FREDRICK N.
ESHELMAN and wife, DONNA G. ESHELMAN, ROGER N. SCHECTER, Director,
Division of Coastal Management, North Carolina Department of Environment,
Health, and Natural Resources, and ANN S. HINES, Local Permit Officer for
Coastal Area Management Act and Zoning Enforcement Officer, New Hanover
County, North Carolina,Defendants/Appellees

No. 935SC524

(Filed 19 July 1994)

**Environmental Protection, Regulation, and Conservation § 40
(NCI4th)— permit to construct pier—failure to contest
through administrative procedures—declaratory judgment
action precluded**

Plaintiff's action seeking a declaratory judgment that defend-
ants had no right to construct a pier across certain submerged
lands belonging to plaintiff and that other defendants had no right
to issue a permit pursuant to the Coastal Area Management Act
authorizing such construction was precluded by plaintiff's failure
to exhaust the administrative remedies provided by CAMA to
seek review of the permit decision.

**Am Jur 2d, Administrative Law §§ 505 et seq.**

Appeal by plaintiff from order entered 11 March 1993 by Judge
Franklin R. Brown in New Hanover County Superior Court. Heard in
the Court of Appeals 1 March 1994.

Plaintiff filed this action seeking a declaratory judgment that
defendants Waterway Investment Limited Partnership and Eshelman
have no right to construct a pier across certain submerged lands
belonging to plaintiff and that defendants Schecter and Hines have no
right to issue a permit authorizing such construction. Accordingly,
plaintiff also seeks injunctive relief to prevent construction of the
pier. The facts may be briefly summarized as follows: Plaintiff is the
owner of lot 31 in the residential subdivision of Shandy Point in New
Hanover County. Pursuant to G.S. § 113-205, on 31 August 1992, the
N.C. Division of Marine Fisheries recorded a "Declaration of Final
Resolution of Claim to Submerged Lands" which recognized plain-
tiff's claim of ownership to certain regularly flooded estuarine marsh-
lands described in his deed to lot 31, subject to all public trust rights
in the land.

LEEUWENBURG v. WATERWAY INVESTMENT LIMITED PARTNERSHIP

[115 N.C. App. 541 (1994)]

Defendant Eshelman owns a tract of land in a subdivision adjacent to plaintiff's property which he purchased from defendant Waterway Investment Limited Partnership. On 29 June 1992 the North Carolina Division of Coastal Management issued a general permit to Eshelman pursuant to G.S. § 113A-118.1 of the Coastal Area Management Act, G.S. § 113A-100, et seq., ("CAMA") authorizing construction of a 275 foot long pier, terminating in a gazebo, a floating dock to the west of the gazebo and a boat lift to the east. The structure was to extend across plaintiff's property so that Eshelman would be able to reach navigable portions of Shandy Point Channel which provides access to the Atlantic Intracoastal Waterway. The permit was issued over plaintiff's objections that the pier would cross the intertidal marshland previously recognized to be owned by plaintiff, and his contention that the pier would thereby interfere with plaintiff's use, as well as the public's right to use, the submerged lands. Plaintiff did not file a petition with the Coastal Resources Commission seeking a contested case hearing as to the appropriateness of the permit.

After a hearing the trial court denied plaintiff's motion for a preliminary injunction and granted defendants' motions to dismiss plaintiff's complaint pursuant to G.S. § 1A-1, Rule 12(b)(6), concluding that "plaintiff has failed to exhaust the administrative remedies provided by CAMA to seek review of the permit decision and may not collaterally attack the permit decision by an action for declaratory judgment." Plaintiff appealed.

*Shipman & Lea, by Gary K. Shipman, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Special Deputy J. Allen Jernigan and Assistant Attorney General Jill B. Hickey, for defendant-appellee Schecter.*

*Murchison, Taylor, Kendrick, Gibson & Davenport, by Michael Murchison, for defendant-appellees Eshelman.*

*Assistant County Attorney Kemp P. Burpeau for defendant-appellee Hines.*

MARTIN, Judge.

Plaintiff's sole assignment of error is to the trial court's dismissal of his complaint pursuant to G.S. § 1A-1, Rule 12(b)(6). We agree with the trial court that the present action is precluded by plaintiff's failure to exhaust the administrative remedies provided by CAMA to seek review of the permit decision. Accordingly, we affirm the order dismissing this action.

When the record shows that there is no basis for declaratory relief, or the complaint does not allege an actual, genuine existing controversy, a motion for dismissal under G.S. § 1A-1, Rule 12(b)(6) will be granted. *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 316 S.E.2d 59 (1984). The Eshelmans' permit was granted pursuant to G.S. § 113A-118.1 entitled "General permits" which provides in part:

> (d) The variance, appeals, and enforcement provisions of this Article shall apply to any individual development projects undertaken under a general permit.

G.S. § 113A-121.1 entitled "Administrative review of permit decisions" states:

> (b) A person other than a permit applicant . . . who is dissatisfied with a decision to deny or grant a minor or major development permit may file a petition for a contested case hearing only if the [Coastal Resources] Commission determines that a hearing is appropriate. A request for a determination of the appropriateness of a contested case hearing shall be made in writing and received by the Commission within 20 days after the disputed permit decision is made. A determination of the appropriateness of a contested case shall be made within 15 days after a request for a determination is received and shall be based on whether the person seeking to commence a contested case:

> (1) Has alleged that the decision is contrary to a statute or rule;

> (2) Is directly affected by the decision; and

> (3) Has a substantial likelihood of prevailing in a contested case.

> If the Commission determines a contested case is appropriate, the petition for a contested case shall be filed within 20 days after the Commission makes its determination. A determination that a person may not commence a contested case is a final agency decision and is subject to judicial review under Article 4 of Chapter 150B of the General Statutes.

G.S. § 113A-121.1(c) provides that the permit is suspended until the Commission makes a final decision in a contested case or determines that the review cannot commence. Additionally, G.S. § 113A-123 provides for "Judicial review" as follows:

> (a) Any person directly affected by any **final** decision or order of the Commission under this Part may appeal such decision or

order to the superior court of the county where the land or any part thereof is located, pursuant to the provisions of Chapter 150B of the General Statutes . . . . (Emphasis added.)

G.S. § 150B-43 provides a "Right to judicial review" as follows:

> Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision . . . Nothing in this Chapter shall prevent any person from invoking any judicial remedy available to him under the law to test the validity of any administrative action not made reviewable under this Article.

The foregoing provisions operate as statutory limitations on the ability of affected parties to seek judicial review. Based upon a plain reading of the statute, because no **final** order was entered by the Coastal Resources Commission, plaintiff is not entitled to judicial review. *See High Rock Lake Assoc. v. Envt'l Management Comm.*, 39 N.C. App. 699, 252 S.E.2d 109 (1979). We have recognized that:

> The Coastal Area Management ACT (CAMA), N.C. Gen. Stat. 113A-100, *et seq.*, was enacted to provide for the protection and continued productivity of the coastal resources, to manage competing uses of those resources, and to protect public trust rights in the lands and waters of the coastal area. CAMA directs and empowers the Coastal Resource Commission (CRC) to enforce the Act's provisions. Under the authority vested in it by CAMA, the CRC has designated all public trust waters as subject to its management under coastal management development standards. Any development in public trust waters requires a CAMA permit. N.C. Gen. Stat. 113A-118.

*Ballance v. N.C. Coastal Resources Comm.*, 108 N.C. App. 288, 289, 423 S.E.2d 815, 816 (1992), *disc. review denied*, 333 N.C. 536, 429 S.E.2d 553, *reconsideration dismissed*, 333 N.C. 789, 431 S.E.2d 21 (1993). Our Supreme Court has stated:

> As a general rule, where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts. This is especially true where a statute establishes, as here, a procedure whereby matters of regulation and control are first addressed by commissions or agencies particularly qualified for the purpose. In such a case, the legislature has

> expressed an intention to give the administrative entity most con-
> cerned with a particular matter the first chance to discover and
> rectify error. Only after the appropriate agency has developed its
> own record and factual background upon which its decision must
> rest should the courts be available to review the sufficiency of its
> process. An earlier intercession may be both wasteful and unwar-
> ranted. "To permit the interruption and cessation of proceedings
> before a commission by untimely and premature intervention by
> the courts would completely destroy the efficiency, effectiveness,
> and purpose of the administrative agencies." (Citations omitted.)

*Presnell v. Pell*, 298 N.C. 715, 721-22, 260 S.E.2d 611, 615 (1979). The
policy of judicial restraint acquires the status of a jurisdictional pre-
requisite when the legislature has explicitly provided the means for a
party to seek effective judicial review of a particular administrative
action. *Id.* at 722, 260 S.E.2d at 615. This procedure is particularly ef-
ficient when the subject of inquiry is of a very technical nature or
involves the analysis of many records. *Elmore v. Lanier*, 270 N.C.
674, 155 S.E.2d 114 (1967). Accordingly, a statute under which an
administrative board has acted, which provides an orderly procedure
for appeal to the superior court is the exclusive means for obtaining
such judicial review. *Presnell* at 722, 260 S.E.2d 615. Furthermore, the
policy of requiring exhaustion of administrative remedies does not
require merely the initiation of the prescribed procedures, but that
they should be pursued to their appropriate conclusion and final out-
come before judicial review is sought. *Huang v. N.C. State Univer-
sity*, 107 N.C. App. 710, 421 S.E.2d 812 (1992). We read G.S.
§ 113A-121.1 to require that a party entitled to its provisions must first
challenge a decision to deny or grant a permit by way of a petition to
the Coastal Resources Commission. After a final decision by the
Coastal Resources Commission, then a party may invoke the jurisdic-
tion of the superior court.

We recognize that the Administrative Procedure Act does not
entirely preclude the possibility of judicial review by use of a declara-
tory judgment action. G.S. § 150B-43 specifically provides: "[n]othing
in this Chapter shall prevent any person from invoking any judicial
remedy available to him under the law to test the validity of any
administrative action not made reviewable under this Article." How-
ever, had plaintiff followed the appropriate administrative proce-
dures prescribed by G.S. § 113A-121.1, the propriety of the challenged
permit would clearly have been subject to judicial review. Thus, it is
clear that G.S. § 150B-43 provides no authority for permitting plaintiff

to bypass the requirements of G.S. § 113A-121.1. *See Porter v. Dept. of Insurance*, 40 N.C. App. 376, 253 S.E.2d 44, *disc. review denied*, 297 N.C. 455, 256 S.E.2d 808 (1979). "By enacting the provisions for administrative review of rules, the legislature wisely determined that the agency itself should have the first opportunity to review the propriety and applicability of its own rules. So long as the statutory procedures provide an effective means of review of the agency action, the courts will require parties to exhaust their administrative remedies." *Id.* at 380-81, 253 S.E.2d at 47.

In the present case there was no final order of the Coastal Resources Commission subject to review by the superior court. *See State ex rel. Envir. Mgmt. v. Raeford Farms*, 101 N.C. App. 433, 400 S.E.2d 107, *disc. review denied*, 328 N.C. 576, 403 S.E.2d 521 (1991), *appeal after remand*, 112 N.C. App. 228, 435 S.E.2d 106 (1993), *review allowed*, 335 N.C. 555, 441 S.E.2d 115 (1994). Thus, the trial court did not have the complete administrative record before it, as required by G.S. § 150B-47. The correct procedure for seeking review of an administrative decision is to file a petition in court "explicitly stat[ing] what exceptions are taken to the [administrative] decision." N.C. Gen. Stat. § 150B-46. G.S. § 113A-118 requires that permits for development in public trust waters be issued by the Coastal Resources Commission or its duly authorized agent. G.S. § 113A-121.1 provides the means for administrative review of such decisions, and G.S. § 113A-123 provides an exclusive means by which to obtain judicial review of the Commission's decision. Since plaintiff chose not to pursue the statutory scheme, the determination granting the Eshelmans' permit is final.

The trial court's order dismissing plaintiff's complaint pursuant to G.S. § 1A-1, Rule 12(b)(6) is affirmed.

Affirmed.

Judges EAGLES and McCRODDEN concur.