DEONDRA SEXTON HENTZ, Plaintiff v. ASHEVILLE CITY BOARD OF EDUCATION
AND ROBERT LOGAN in his Official Capacity as Superintendent of Asheville City
Schools, Defendants

No. COA07-808

(Filed 1 April 2008)

## 1. Schools and Education— assignment of student—administrative remedy

There was an administrative remedy available to a parent who filed an action regarding student assignment after a disciplinary problem where plaintiff's complaint expressly alleged actions contrary to contract, statute, defendant's policies, and state and federal constitutions.

## 2. Schools and Education— school assignment—exhaustion of administrative remedies

The trial court properly dismissed plaintiff's claim (involving a pupil assignment) due to lack of subject matter jurisdiction where plaintiff attempted to pursue a breach of contract action in superior court while appealing the decision of the superintendent of schools through administrative channels. Plaintiff failed to exhaust her administrative remedies and failed to carry her burden of demonstrating that the administrative remedies available under N.C.G.S. § 115C-45(c) were inadequate.

Appeal by plaintiff from judgment entered 13 February 2007 by Judge C. Phillip Ginn in Buncombe County Superior Court. Heard in the Court of Appeals 9 January 2008.

*Howard McGlohon for plaintiff appellant.*

*Roberts & Stevens, P.A., by Christopher Z. Campbell, for defendant appellees.*

McCULLOUGH, Judge.

Plaintiff appeals the trial court's order granting defendants' motion to dismiss for lack of subject matter jurisdiction. The court determined plaintiff failed to exhaust her effective administrative remedies and dismissed her action. We affirm the ruling of the trial court.

The relevant background information and procedural history is as follows: Plaintiff, Deondra Sexton Hentz, is the mother of two minor

children, TaKayla and Tamequa Sexton ("the Sexton children"). Plaintiff and the Sexton children are domiciled in the Buncombe County School Board District. The Sexton children had been enrolled at TC Robertson High School ("TC Robertson"), where they were bullied by other students. Pursuant to Asheville City Board of Education's Discretionary Admission Policy 4130, on 7 August 2006, plaintiff submitted an application and a $300 application fee to have the Sexton children admitted to the Asheville City School District for the 2006-2007 school year. On 7 August 2006, the Asheville City School Board ("the BOE") approved plaintiff's request to admit the students.

The Sexton children were enrolled in Asheville High School during the Fall Semester of 2006, during which time, TaKayla Sexton was involved in a fight with another student at a school basketball game. On 9 January 2007, Robert Logan, Superintendent of Asheville City Schools ("Logan"), notified plaintiff of a decision to remove the Sexton children from Asheville High School's attendance roll for the Spring Semester of 2007. Logan cited two reasons for this decision: (1) plaintiff and the Sexton children resided outside of the Asheville City School District and (2) TaKayla Sexton had violated Asheville High School's student code of conduct.

Sometime between 9 January 2007 and 18 January 2007, plaintiff notified Logan that she was appealing the decision to revoke the Sexton children's discretionary admission to Asheville High School. Then, on 25 January 2007, before the BOE issued a final decision regarding the Sexton children's admission to Asheville High School, plaintiff initiated this action in the Buncombe County Superior Court, claiming that the actions of the BOE and Logan, in his official capacity (collectively "defendants"), in revoking the Sexton children's discretionary admission to Asheville High School constituted a breach of contract, violated school board policy, and violated the minor children's constitutional rights under state and federal law.[1] Plaintiff sought special damages as well as injunctive relief.

On 29 January 2007, a panel of the BOE held a hearing to review Logan's decision to revoke the Sexton children's admission to Asheville High School, and on 31 January 2007, the BOE issued a final agency decision upholding Logan's decision.

On 7 February 2007, defendants moved to dismiss plaintiff's action pursuant to Rule 12(b)(1) for lack of subject matter jurisdic-

_____

1. On 5 February 2007, appellant filed an amended complaint, which does not reference the BOE's decision or seek judicial review of such decision.

tion. The trial court granted that motion, and plaintiff appeals. Defendant has moved to dismiss plaintiff's appeal, arguing that plaintiff's appeal is moot. We disagree and summarily deny this motion.

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be raised at any time. *Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 421, 248 S.E.2d 567, 571 (1978), *cert. denied*, 296 N.C. 583, 254 S.E.2d 32 (1979). Subject matter jurisdiction is a prerequisite for the exercise of judicial authority over any case or controversy. *Harris v. Pembaur*, 84 N.C. App. 666, 667-68, 353 S.E.2d 673, 675 (1987). An action is properly dismissed for lack of subject matter jurisdiction when the plaintiff has failed to exhaust his administrative remedies. *Flowers v. Blackbeard Sailing Club*, 115 N.C. App. 349, 352-53, 444 S.E.2d 636, 638-39 (1994), *disc. review improvidently allowed*, 340 N.C. 357, 457 S.E.2d 599 (1995). "[W]here the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts." *Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979).

## A. Administrative Remedy Under N.C. Gen. Stat. § 115C-45(c)

[1] First, we note the administrative remedy available to plaintiff. Pursuant to N.C. Gen. Stat. § 115C-45, an aggrieved person has a right of appeal to the local board of education and then, under specified conditions, to the superior court, following a final administrative decision in the following matters:

(1) The discipline of a student under G.S. 115C-391(c), (d), (d1), (d2), (d3), or (d4);

(2) **An alleged violation of a specified federal law, State law, State Board of Education policy, State rule, or local board policy,** including policies regarding grade retention of students;

(3) The terms or conditions of employment or employment status of a school employee; and

(4) Any other decision that by statute specifically provides for a right of appeal to the local board of education and for which there is no other statutory appeal procedure.

N.C. Gen. Stat. § 115C-45(c) (2007) (emphasis added).

In her brief, plaintiff contends that her complaint "has nothing to do [with an] alleged violation of a specified federal law, State law, [or] State Board of Education policy, State rule, or local board policy[.]" However, plaintiff's complaint expressly alleges that defendants' actions were "contrary to the terms of the contract, the provisions of N.C.G.S. §§ 115C, and with defendants' policies" and "constitute[d] a violation of the Sexton Children's[] procedural and substantive due process rights under the Federal Constitution and the North Carolina State Constitution[.]" Therefore, we conclude that N.C. Gen. Stat. § 115C-45(c) provides plaintiff with a right to have Logan's decision reviewed and potentially reversed through administrative channels. Because the BOE had not yet issued a final decision at the time that plaintiff filed her action in superior court, plaintiff had not exhausted all administrative remedies.

### B. Adequacy of Plaintiff's Administrative Remedy

[2] Next, we consider whether plaintiff could pursue her breach of contract claim in superior court without exhausting administrative remedies. Plaintiff contends that the superior court's jurisdiction to hear the claim was not limited to the appellate jurisdiction conferred by N.C. Gen. Stat. § 115C-45, but rather, that the superior court had original jurisdiction to hear the claim pursuant to N.C. Gen. Stat. § 7A-240 (2007). We disagree, as we find that plaintiff both: (1) failed to exhaust her administrative remedies; and (2) failed to carry her burden of demonstrating that the administrative remedies available under N.C. Gen. Stat. § 115C-45(c) were inadequate.

When the only remedies available from the agency are shown to be inadequate, a party may seek redress in a court without exhausting administrative remedies. *Huang v. N.C. State University*, 107 N.C. App. 710, 715-16, 421 S.E.2d 812, 815-16 (1992). However, "[t]he burden of showing the inadequacy of the administrative remedy is on the party claiming the inadequacy[.]" *Id.* at 715, 421 S.E.2d at 815. The party making such a claim must include such allegation in the complaint, and the complaint should be " 'carefully scrutinized to ensure that the claim for relief [is] not inserted for the sole purpose of avoiding the exhaustion rule.' " *Id.* (citation omitted).

We find the facts before us analogous to those in *Huang*. In *Huang*, a college professor who was suspended and dismissed from his teaching position at a state university attempted to pursue a breach of contract action in superior court while also appealing his dismissal through administrative channels. We affirmed the trial

court's dismissal of the plaintiff's breach of contract action for lack of subject matter jurisdiction. Although the plaintiff in *Huang* sought compensatory damages in his complaint, we concluded that his mere request for monetary damages was insufficient to establish that the administrative remedies available were inadequate.

Here, plaintiff attempted to pursue a breach of contract action in superior court while appealing Logan's decision through administrative channels. Plaintiff failed to allege in her complaint that the available administrative remedies were inadequate or that pursuit of those remedies would be futile. *Justice for Animals, Inc. v. Robeson County*, 164 N.C. App. 366, 373, 595 S.E.2d 773, 777 (2004) (affirming dismissal when "plaintiffs' complaint fails to allege either the inadequacy or the futility of the administrative remedy"). Accordingly, the trial court properly dismissed plaintiff's claim due to lack of subject matter jurisdiction. We, therefore, affirm.

Affirmed.

Judges STEELMAN and GEER concur.