EARL B. OLIVER, Plaintiff,
v.
COUNTY OF LENOIR, LENOIR COUNTY TAX DEPARTMENT, MICHAEL JARMAN, individually and in his official capacity, DARRELL PARRISH, individually and in his official capacity, FLEMING JEFFRESS, individually and as Employee of Lenoir County; and Unknown surety for county[,] Defendants.
No. COA08-1483
Court of Appeals of North Carolina
Filed August 4, 2009
This case not for publication
Earl B. Oliver, Plaintiff-Appellant, pro se.
Rose Rand Wallace Attorneys, P.A., by T. Slade Rand, Jr., for Defendants-Appellees.
STEPHENS, Judge.
Prior to January 2004, Plaintiff purchased nine repossessed manufactured homes for the combined amount of $123,377. The Lenoir County Tax Department assessed the homes at a total value of $392,377 for taxation purposes, effective 1 January 2005. See In re Oliver, No. COA07-796, 661 S.E.2d 788 (Table) (2008). Plaintiff appealed these assessments to the North Carolina Property Tax Commission (the "Commission"). On 19 January 2007, the Commission affirmed the values assessed by the Lenoir County Tax Department. Plaintiff appealed the Commission's decision to the North Carolina Court of Appeals. On 20 May 2008, our Court affirmed the Commission's decision in an unpublished decision, In re Oliver, No. COA07-796, 661 S.E.2d 788 (Table) (2008).
On 7 April 2008, before our opinion in In re Oliver was entered, Plaintiff filed the current action in Superior Court, Lenoir County ("the trial court"). Plaintiff's complaint alleged that Defendants overvalued the manufactured homes, and that Defendants' conduct amounted to negligence, gross negligence, negligence per se, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent retention and supervision, and conspiracy to deprive Plaintiff of statutory rights. On 21 May 2008, Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure. On 12 June 2008, the trial court entered an order granting Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. Plaintiff appeals.

Subject Matter Jurisdiction
The trial court concluded that it lacked subject matter jurisdiction to hear this matter because the matter had already been decided by our Court and could not be re-litigated by Plaintiff except through a petition to the North Carolina Supreme Court for writ of certiorari. For the following reasons, we affirm the trial court's decision.
"[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal de novo." Ales v. T.A. Loving Co., 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004). "`[W]here the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts.'" Hentz v. Asheville City Bd. of Educ., ___ N.C. App. ___, ___, 658 S.E.2d 520, 522 (2008) (quoting Presnell v. Pell, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979)). "An action is properly dismissed for lack of subject matter jurisdiction when the plaintiff has failed to exhaust his administrative remedies." Hentz, ___ N.C. App. at ___, 658 S.E.2d at 522.
North Carolina law provides two avenues by which a taxpayer may seek relief from an unjust property tax assessment: [(1)] administrative review followed by judicial review in the Court of Appeals, and [(2)] direct judicial review in Superior or District Court. Administrative review begins in the County Board of Equalization and Review. The County Board has jurisdiction to hear any taxpayer who has a complaint as to the listing or appraisal of his or others' property. See G.S. 105-322(g)(2). Any taxpayer who wishes to except to an order of the County Board shall appeal to the State Property Tax Commission. G.S. 105-324. In turn, a taxpayer who is unsatisfied with the decision of the Property Tax Commission shall appeal to the North Carolina Court of Appeals, G.S. 105-345, and then to the North Carolina Supreme Court, G.S. 105-345.4.

Johnston v. Gaston County, 71 N.C. App. 707, 709, 323 S.E.2d 381, 382 (1984) (emphasis added).
In the present case, Plaintiff initially pursued the first avenue for relief from an allegedly unjust property tax assessment: administrative review followed by judicial review. Plaintiff appealed the assessments of his manufactured homes to the Commission pursuant to N.C. Gen. Stat. § 105-324, and then to the North Carolina Court of Appeals pursuant to N.C. Gen. Stat. § 105-345. In re Oliver, 661 S.E.2d 788; See Johnston. Plaintiff has not, however, appealed from our holding in In re Oliver to the North Carolina Supreme Court pursuant to N.C. Gen. Stat. § 105-345.4. Accordingly, Plaintiff has failed to exhaust his administrative remedies, and the trial court properly dismissed this matter for lack of subject matter jurisdiction. See Hentz; Shell Island Homeowners Ass'n, Inc. v. Tomlinson, 134 N.C. App. 217, 220, 517 S.E.2d 406, 410 (1999) (holding "[a]n action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies").
Because we hold the trial court lacked subject matter jurisdiction over Plaintiff's case, we need not address Plaintiff's remaining assignments of error. See Deem v. Treadaway & Sons Painting & Wallcovering, Inc., 142 N.C. App. 472, 479, 543 S.E.2d 209, 213 (2001) ("Having held that the trial court properly dismissed plaintiff's claims for lack of subject matter jurisdiction, we need not address the issue of whether plaintiff's claims were properly dismissed pursuant to N.C. Gen. Stat. § 1-1A, Rule 12(b)(6).").
AFFIRMED.
Judges BRYANT and GEER concur.
Report per Rule 30(e).