WILLEM PAUL VANWIJK Plaintiff v. PROFESSIONAL NURSING SERVICES, INC.,
Defendant

No. COA10-1586

(Filed 19 July 2011)

**Jurisdiction— subject matter— administrative hearing—failure to exhaust administrative remedies—motion to dismiss properly granted**

The trial court did not err in a negligence and negligence *per se* case by granting defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiff failed to exhaust his administrative remedies by not requesting an administrative hearing to contest the decision of the North Carolina Criminal Justice Education and Training Standards Commission.

Appeal by plaintiff from order entered 22 March 2010 by Judge Arnold O. Jones, II, in Wayne County Superior Court. Heard in the Court of Appeals 7 June 2011.

*The Leon Law Firm, P.C., by Mary-Ann Leon, for plaintiff-appellant.*

*Smith Moore Leatherwood, LLP, by George J. Oliver and Elizabeth Brooks Scherer, for defendant-appellee.*

McCULLOUGH, Judge.

Willem Paul Vanwijk ("plaintiff") initially filed a complaint against Professional Nursing Services, Inc. ("defendant"), alleging common law negligence and negligence *per se*. Plaintiff subsequently amended his complaint to include a claim for breach of contract, but voluntarily dismissed the claim. The trial court dismissed plaintiff's claims of negligence and negligence *per se* for lack of subject matter jurisdiction and plaintiff appeals.

## I. Background

Plaintiff served as a police officer with the Goldsboro Police Department for over twelve years. On 7 November 2005, plaintiff was subjected to a random drug test, as allowed pursuant to Department rules. Plaintiff reported to defendant's facility to provide the requisite urine sample. Defendant is a North Carolina corporation, which regularly provides controlled substance examination services to the City

of Goldsboro. Defendant collects urine samples, transports them to its approved testing laboratory, Baptist Medical Center ("Baptist Health"), and reports results through its medical officer. Baptist Health provides the collection kits and chain-of-custody paperwork used by defendant in the sample taking process.

Upon receiving plaintiff's urine sample, defendant's employee, Janice Gurley, poured the sample into a single vial, sealed it, covered it with a tamper-evident label, and placed it in an individualized collection bag along with the chain-of-custody paperwork. Plaintiff immediately reported to his supervisor that there were irregularities with the taking of his drug test. Plaintiff had taken four previous drug tests while employed with the Goldsboro Police Department and each time the collector used a split-sample method, meaning that plaintiff's original urine sample was separated into two vials instead of a single vial. Plaintiff told his supervisor the discrepancies were that his name was not on the employee list in Gurley's possession, he was shown two, rather than three, collection containers, and his sample was poured into a single vial even though he initialed two tamper-evident labels.

Plaintiff's sample was subsequently transported to Baptist Health for testing. Baptist Health only uses a small amount of the urine and retains the rest for twelve to thirteen months, in case of a need for further testing. Baptist Health conducted two different tests on plaintiff's sample, with both being positive for marijuana use.

On 10 November 2005, Dr. Martin DeGraw, defendant's certified medical review officer, notified plaintiff of his positive test results and then reported them to the Goldsboro Police Department. Plaintiff, in his deposition, stated that Dr. DeGraw did not ask plaintiff if there could be an alternative explanation for the positive result. Plaintiff subsequently talked to defendant's Chief Operating Officer, Ronald Jennette, who according to plaintiff told him that the single-sample method was not the proper procedure for testing law enforcement officers. Mr. Jennette did tell plaintiff that he could have his sample retested, if desired.

Upon receipt of the positive result, the Goldsboro Police Department immediately suspended plaintiff pending an investigation and ultimately terminated plaintiff on 15 November 2005. The Police Chief advised plaintiff that he could challenge his termination before the City of Goldsboro's Grievance Committee ("Grievance Committee"). Plaintiff consequently filed his grievance and had a hearing on 23 November 2005. Plaintiff argued at the hearing that,

because his urine sample was not collected using the split-sample method, the Police Department should disregard the positive test result. Plaintiff had taken another drug test, administered by a separate laboratory upon learning of his positive test results, which produced a negative result. Plaintiff attempted to present the negative result to the Police Department, but it was taken days after his positive result. Again, defendant informed plaintiff of his right to have the original sample retested with a third party, but yet again plaintiff declined.

On 29 November 2005, the Grievance Committee upheld plaintiff's termination. On the same day, the North Carolina Criminal Justice Education and Training Standards Commission ("Commission") notified plaintiff in a letter sent by certified mail that it had determined that plaintiff's drug test was valid and that his law enforcement certification was effectively suspended for five years. Also in the letter, the Commission advised plaintiff of his right to request a formal administrative hearing before the Office of Administrative Hearings within thirty days for the purpose of challenging the Commission's findings. During litigation the parties learned that the letter was returned "unclaimed" even though it was sent by certified mail to plaintiff's proper address. Plaintiff claimed that he did not deliberately refuse receipt of the letter and in the alternative acknowledged that his attorney from the Grievance Committee hearing advised him of the Commission's decision and the thirty-day appeal period. Plaintiff never appealed the Commission's decision.

Plaintiff ultimately filed this complaint against defendant, arguing that the single-sample method was unlawful and may have contaminated his urine and that defendant committed other negligent acts. Defendant initially made a Motion to Dismiss, under Rule 12(b)(6) of the Rules of Civil Procedure, along with motions for summary judgment, which were denied. Defendant also filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, which the trial court granted. Plaintiff appeals.

## II. Analysis

The dispositive issue raised on appeal is whether the trial court erred in granting defendant's motion for lack of subject matter jurisdiction. In making its motion for lack of subject matter jurisdiction, defendant argued that plaintiff failed to exhaust all available administrative remedies. Plaintiff contends that the trial court erred by applying the North Carolina Administrative Procedures Act ("NCAPA")

to a dispute between nongovernmental parties. *See* N.C. Gen. Stat. § 150B *et seq.* (2009). We affirm.

Subject matter jurisdiction is a requirement for the use of judicial authority over any controversy and a motion to dismiss for lack of subject matter jurisdiction, under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, may be raised at any time. *See Hentz v. Asheville City Bd. of Educ.,* 189 N.C. App. 520, 522, 658 S.E.2d 520, 521-22 (2008). Where a plaintiff has failed to exhaust its administrative remedies, its action brought in the trial court may be dismissed for lack of subject matter jurisdiction. *Id.* at 522, 658 S.E.2d at 522.

"So long as the statutory procedures provide effective judicial review of an agency action, courts will require a party to exhaust those remedies." *Flowers v. Blackbeard Sailing Club,* 115 N.C. App. 349, 352, 444 S.E.2d 636, 638 (1994).

> This is especially true where a statute establishes, as here, a procedure whereby matters of regulation and control are first addressed by commissions or agencies particularly qualified for the purpose. In such a case, the legislature has expressed an intention to give the administrative entity most concerned with a particular matter the first chance to discover and rectify error. Only after the appropriate agency has developed its own record and factual background upon which its decision must rest should the courts be available to review the sufficiency of its process. An earlier intercession may be both wasteful and unwarranted.

*Presnell v. Pell,* 298 N.C. 715, 721-22, 260 S.E.2d 611, 615 (1979).

Plaintiff would like for this Court to believe that the administrative exhaustion doctrine only applies to claims brought against administrative agencies and not to those brought against private parties that happen to stem from decisions of an administrative agency. Plaintiff attempts to distinguish two of the cases cited by defendant on the grounds that neither discusses whether a superior court would have jurisdiction to adjudicate a conflict between private parties that happens to arise from a controversy between an aggrieved person and an administrative agency. *See Ward v. New Hanover Cty.,* 175 N.C. App. 671, 625 S.E.2d 598 (2006); *Huang v. N.C. State University,* 107 N.C. App. 710, 421 S.E.2d 812 (1992). In addition, plaintiff argues that *Presnell,* also referenced by defendant, supports his contention because in that case a schoolteacher sued the school district for wrongful discharge and at the same time maintained a claim for the intentional tort of slander against the principal and other individuals.

*See Presnell,* 298 N.C. 715, 260 S.E.2d 611. Plaintiff's interpretation is flawed though because the trial court dismissed the teacher's wrongful discharge claim against all parties for lack of subject matter jurisdiction in failing to exhaust all administrative remedies, but allowed the teacher to maintain her claim of slander against the principal as it did not involve the same issues the administrative review process would have addressed in reviewing her termination. *Id.* Similarly in our case, the administrative hearing would have addressed plaintiff's decertification and fully reviewed whether plaintiff's drug test was administered properly. The facts and issues that would have been litigated in the trial court under claims of negligence and negligence *per se* would have been the same facts and issues reviewed in the administrative hearing when determining whether plaintiff was rightfully terminated.

Moreover, defendant cites to other cases involving claims between private parties that were dismissed for failure to exhaust administrative remedies. The two other cases are more analogous to the case at hand in that both involved claims against private parties. *Leeuwenburg v. Waterway Investment Limited Partnership,* 115 N.C. App. 541, 445 S.E.2d 614 (1994); *Flowers,* 115 N.C. App. 349, 444 S.E.2d 636. In both cases, the superior courts dismissed plaintiffs' claims against the private party defendants for lack of subject matter jurisdiction stemming from a failure to exhaust administrative remedies because the plaintiffs did not appeal the permit applications with the proper administrative agency. *Id.* The permits gave defendants approval to build their piers across portions of plaintiffs' property, and therefore, the plaintiffs should have appealed the permit decision prior to bringing their private suits in superior court. *Id.*

The administrative remedies available to plaintiff are provided in the statutes and code governing the Commission, and state, "[a]ny person who desires to appeal the proposed denial, suspension, or revocation of any certification authorized to be issued by the Commission shall file a written appeal with the Commission not later than 30 days following notice of denial, suspension, or revocation." N.C. Gen. Stat. § 17C-11(b) (2009); *see* 12 N.C. Admin. Code § 9A.0107(e) (2011). Here, plaintiff filed a grievance with the Grievance Committee not long after being terminated from his employment as a Goldsboro police officer. The Grievance Committee held a hearing and upheld plaintiff's termination for the positive drug screen. On the same day, the Commission notified plaintiff by certified mail that it had determined that the drug test was properly administered and that plaintiff's law enforcement certification was

being suspended for a period of five years. In the same letter, the Commission also informed plaintiff, in bold and capitalized letters, of his right to an administrative hearing upon filing of a notice with the Commission within thirty days.

Plaintiff never filed a notice for an administrative hearing pursuant to the Commission's letter or the regulations governing the Commission, but did file this private action against defendant three years later. The Commission had expertise to determine whether plaintiff was fit to perform his duties and determine whether the proper testing procedures were utilized. *See Flowers*, 115 N.C. App. at 353, 444 S.E.2d at 638. The process of requesting an administrative hearing acts as a form of judicial restraint and is equivalent to "a jurisdictional prerequisite when a party has effective administrative remedies." *Id.* at 353, 444 S.E.2d at 639.

"Furthermore, the policy of requiring exhaustion of administrative remedies does not require merely the initiation of the prescribed procedures, but that they should be pursued to their appropriate conclusion and final outcome before judicial review is sought." *Leeuwenburg*, 115 N.C. App. at 545, 445 S.E.2d at 617. Plaintiff initiated the process by filing a complaint with the Grievance Committee and receiving a decision from the Commission, but did not follow through by appealing the Commission's decision. Requesting an administrative hearing is an effective administrative remedy, but plaintiff failed to pursue this method within the mandated thirty days. Therefore, plaintiff waived his right to an administrative hearing and the superior court lacked subject matter jurisdiction as a result of plaintiff's failure to exhaust his administrative remedies.

In affirming defendant's Motion to Dismiss for lack of subject matter jurisdiction, the other issues on appeal become moot. Consequently, we decline to address the other issue of whether defendant should have been able to assert alternative bases at law on appeal.

### III. Conclusions

Plaintiff failed to exhaust his administrative remedies by not requesting an administrative hearing to contest the decision of the Commission. Accordingly, we affirm the decision of the trial court in granting defendant's Motion to Dismiss for lack of subject matter jurisdiction.

Affirmed.

Judges McGEE and ERVIN concur.