HUNTER, JR., ROBERT N. Judge.
Yili Tseng ("Tseng") appeals from an order entered 25 August 2014 dismissing Tseng's claims in part and an order entered 5 November 2014 granting Defendants' Motion for Summary Judgment. For the following reasons, we affirm the trial court's orders.
I. Factual and Procedural Background
On 7 April 2014, Tseng filed an Amended Complaint against Defendants, North Carolina A & T State University ("NC A & T"), Chancellor Harold Martin, Dean Benjamin Uwakweh, Department Chair Clay Gloster, and faculty members Syrulwa Somah, Thomas Avery, and Alton Kornegay for violating the North Carolina Whistleblower Act and claiming punitive damages. The Complaint alleged Tseng was denied tenure, denied a recommendation for tenure, and denied a merit raise in retaliation for his grievances. The Complaint alleged the following set of facts. Tseng worked as an associate professor at NC A & T beginning in 2007, and Tseng signed a 3-year employment contract in 2010 which allowed him to apply for academic tenure any time before October 2011. Tseng timely applied for tenure, and Dean Benjamin Uwakweh recommended his tenure be denied on grounds of insufficient performance. Based on the Dean's suggestions, Chancellor Harold Martin then denied Tseng's application for tenure for insufficient performance. About the same time, Tseng's employment contract was not renewed. Tseng appealed Chancellor Martin's decisions to the Faculty Hearing and Reconsideration Committee ("FHR Committee"). Although the FHR Committee recommended Tseng's contract be extended, Chancellor Martin decided not to renew Tseng's contract. As a result, Tseng's employment ended at the expiration of his 3-year contract.
In his Complaint, Tseng claimed his termination was pretextual. He contends he was terminated for reporting fraud, misappropriation of State resources, and gross mismanagement and abuse of authority when he reported to the University of North Carolina's President, Thomas Ross, that (1) Chancellor Martin wrongfully granted Dean Uwakweh and Professor Gloster tenure, (2) Dean Uwakweh's manipulated the search committee in hiring Professor Gloster, and (3) Dean Uwakweh and Professor Gloster's salaries were unwarrantedly high.
Defendants filed an Answer and Motion to Dismiss all claims on 6 June 2014. The trial court granted Defendants' motion to dismiss in part. The trial court dismissed the Whistleblower Act claims against Department Chair Gloster, as well as faculty members Somah, Avery, and Kornegay. The court also dismissed Tseng's claim for punitive damages. However, the court denied Defendants' motion to dismiss on Whistleblower Act claims against Chancellor Martin, Dean Uwakweh, and NC A & T.
On 22 August 2014, Defendants filed a motion for summary judgment. In support of their motion, Defendants filed affidavits and exhibits with the court tending to show the following information.
During his employment, Tseng filed six grievances related to his teaching position with the Faculty Grievance Committee ("Grievance Committee"). His grievances were as follows: (1) unfair and excessive teaching load; (2) inconsistent annual evaluations; (3) unfair rejection of grant proposals; (4) "illegal" reprimand regarding the videotaping of a faculty meeting; (5) unfair office assignment; and (6) improper exclusion from committee assignments. When Tseng's tenure application was denied, he appealed the decision denying tenure to the FHR Committee. The Reconsideration Committee and the FHR Committee are usually completely separate, but because of overlapping information the complaints were consolidated after Tseng agreed and signed a waiver acknowledging that each case had a different appeal route. The FHR Committee issued a recommendation to Chancellor Martin (1) agreeing that tenure should be denied as Tseng "failed to establish that the decision not to grant tenure was based on personal malice" and (2) that Tseng established three of the six grievances and A & T should extend his employment. Chancellor Martin disagreed with the FHR Committee's recommendation to extend employment.
Subsequently, Tseng appealed Chancellor Martin's decision to not extend his employment to The Board of Trustees and appealed the denial of tenure to the Board of Governors. The Board of Trustees affirmed the Chancellor's decision on 8 August 2013, and the Board of Governors also found no personal malice or retaliation in denying Tseng's tenure on 13 September 2013.
On 5 November 2014, the Superior Court of Guilford County granted Defendants' motion for summary judgment finding: (1) all Tseng's claims except the denial of a merit raise were barred by the statute of limitations, (2) Tseng failed to establish a prima facie case of retaliation; and (3) Tseng failed to show Defendants' proffered reasons were pre-textual. Tseng filed a Notice of Appeal on 1 December 2014.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen. Stat § 7A-27(b).
III. Standard of Review
First, we review the trial court's order dismissing Tseng's claims in part. We conduct a de novo review of the pleadings to determine whether the trial court's ruling on the motion to dismiss was correct. Burgin v. Owen, 181 N.C.App. 511, 512, 640 S.E.2d 427, 429 (2007). The standard of review for a Rule 12(b)(6) motion to dismiss is whether "the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." Country Club of Johnston Cnty., Inc., v. United States Fid. & Guar. Co., 150 N.C.App. 231, 238, 563 S.E.2d 269, 274 (2002).
Next, we review an order granting summary judgment for the Defendants. "Review of summary judgment on appeal is de novo. " Collier v. Bryant, 216 N.C.App. 419, 423, 719 S.E.2d 70, 75 (2011). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen.Stat. § 1A1, Rule 56(c) (2015).
IV. Analysis
A. Motion to Dismiss
A Rule 12(b)(6) motion to dismiss should be granted if the complaint reveals the plaintiff's claim is not supported by law, the complaint reveals the absence of facts sufficient for a claim, or the complaint reveals a fact that defeats the plaintiff's claim. Burgin, 181 N.C.App. at 512, 640 S.E.2d at 428-429. We review the complaint in the light most favorable to the plaintiff. Stein v. Asheville City Bd. of Educ., 360 N.C. 321, 325, 626 S.E.2d 263, 266 (2006).
Here, Tseng contends the motion to dismiss was improperly granted as to the Whistleblower Act claim against Gloster as well as his claim for punitive damages. Tseng contends punitive damages should be awarded because the Whistleblower Act does not prohibit punitive damages. He also alleges Gloster admitted in a deposition he did not recommend Tseng for a pay raise. We address each of Tseng's arguments in turn.
Sovereign immunity establishes that "a state may not be sued in its own courts or elsewhere unless it has consented by statute to be sued or has otherwise waived its immunity from suit." Can Am South, LLC v. State, 234 N.C.App. 119, 125, 759 S.E.2d 304, 309 (2014) (quoting Welch Contracting, Inc. v. N.C. Dept. of Transp., 175 N.C.App. 45, 51, 622 S.E.2d 691, 695 (2005) ). The Whistleblower Act "represents a clear statutory waiver of sovereign immunity to redress violations of the nature described in G.S. § 126-85." Demurry v. N.C. Dep't of Corr., 195 N.C.App. 485, 498, 673 S.E.2d 374, 382 (2009).
While Tseng is correct that the Whistleblower Act does not directly prohibit punitive damages, it also does not specifically grant the ability to assert a punitive damages claim. Instead, the Act provides a specific list of remedies which may be ordered: "an injunction, damages, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, costs, reasonable attorney's fees or any combination of these." N.C. Gen.Stat. § 126-87 (2015). Since the State does not specifically waive its sovereign immunity to allow punitive damages under the statute, the trial court correctly dismissed the claim.
Next, we turn to the Whistleblower claim against Gloster. We only review what is alleged in the pleadings. In his Amended Complaint, Tseng alleges Gloster is a citizen of Guilford County, was granted tenure by NC A & T in 2010, and had the second highest salary in NC A & T's School of Technology. With only these facts alleged against Gloster, the Amended Complaint does not contain facts sufficient to establish a claim against Gloster. After our de novo review of the pleadings, we hold the trial court correctly granted Defendant Gloster's motion to dismiss.
B. Summary Judgment
In his Amended Complaint, Tseng claimed he was denied a recommendation for tenure, denied tenure, and denied a merit raise as retaliation for filing six grievances. The trial court granted summary judgment as to his Whistleblower claims related to each of those actions. We address each claim in turn.
1. Denial of Recommendation of Tenure
The North Carolina "Whistleblower Act" encourages State employees to report fraud, misappropriation of resources, and other violations of law to their supervisor or other appropriate authority. N.C. Gen.Stat. § 126-84(a) (2015). The statute of limitations for actions brought under the Whistleblower Act is one year after the alleged violation of the Act. N.C. Gen.Stat. § 126-86 (2015).
The statute of limitations is tolled when legal action is commenced. Carl Rose & Sons Ready Mix Concrete v. Thorp Sales Corp ., 36 N.C.App. 778, 780, 245 S.E.2d 234, 235 (1978). "A civil action is commenced by filing a complaint with the court." N.C. Gen.Stat. § 1A-1, Rule 3 (2015). Claims asserted in amended pleadings are "deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." N.C. Gen.Stat. § 1A-1, Rule 15(c) (2015).
Tseng's original complaint is not contained in the record on appeal. If evidence is not contained in the record, "it will be assumed that there was sufficient evidence to support the findings." Walker v. Penn Nat'l Sec. Ins. Co., 168 N.C.App. 555, 560, 608 S.E.2d 107, 110 (2005). As such, we adopt the trial court's finding that this action commenced 16 August 2013.
The Amended Complaint alleges Uwakweh wrongfully recommended Tseng's application for tenure be denied in January 2012. This action occurred more than one year before commencement of the action in August 2013. Therefore, the trial court correctly held this claim is barred by the statute of limitations.
2. Denial of Tenure
"Any party or person aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to the party or person aggrieved by statute or agency rule, is entitled to judicial review of the decision[.]" N.C. Gen Stat. § 150B-43 (2015) (emphasis added). In reviewing a final administrative decision, a superior court may affirm the decision or remand the case for further proceedings. N.C. Gen.Stat. § 150B-51 (2015).
If the plaintiff failed to exhaust his administrative remedies, then the action is properly dismissed for lack of subject matter jurisdiction. Hentz v. Ashville City Bd. of Educ., 189 N.C.App. 520, 522, 658 S.E.2d 520, 521-22 (2008). "Where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts." Id. at 522, 658 S.E.2d at 521-22. "This Court's prior holdings amply demonstrate that a trial court lacks subject matter jurisdiction to hear an action challenging a final decision by the University unless the plaintiff has exhausted all available administrative remedies, including seeking judicial review pursuant to [N.C. Gen.Stat. § 150B-43 ], or his complaint alleges the administrative remedies available to him are inadequate." Huang v. N.C. State Univ., 107 N.C.App. 710, 715-716, 421 S.E.2d 812, 815-816 (1992).
The Administrative Procedure Act (APA), as codified in N.C. Gen.Stat. § 150B, establishes administrative remedies by which persons who are aggrieved by agency action can seek redress. The actions of the University of North Carolina, of which NC A & T State University is a part, are specifically made subject to the judicial review procedures of N.C. Gen.Stat. § 150B-43.
The University is, however, exempt from all administrative remedies outlined in the APA. Because no statutory administrative remedies are made available to employees of the University, those who have grievances with the University have available only those administrative remedies provided by the rules and regulations of the University and must exhaust those remedies before having access to the courts. Therefore, before a party may ask the courts for relief from a University decision: (1) the person must be aggrieved; (2) there must be a contested case; and (3) the administrative remedies provided by the University must be exhausted.
Huang, 107 N.C.App. at 713-714, 421 S.E.2d at 814.
"[T]he policy of requiring the exhaustion of administrative remedies prior to the filing of court actions 'does not require merely the initiation of prescribed administrative procedures, but that they should be pursued to their appropriate conclusion and their final outcome awaited before seeking judicial intervention....' " Id. at 715, 421 S.E.2d at 815. In Huang, this Court held that the plaintiff did not exhaust his administrative remedies when he filed his claim in superior court while an appeal to the University's board was still pending in spite of the University's final decision being made prior to the superior court's summary judgment ruling. Id. at 715, 421 S.E.2d at 815.
Tseng meets the first two requirements in order to ask the court for relief from a University decision. Tseng is "aggrieved" by NC A & T's decision to not continue his employment and grant him tenure, which forms the basis for his "contested case." See id. at 713-714, 421 S.E.2d at 814. Therefore, the final remaining issue is whether the administrative remedies provided by NC A & T had been exhausted at the time the Complaint was filed.
Tseng's Amended Complaint specifically claims a wrongful discharge due to the "[d]efendant's action in denying Plaintiff's tenure." Thus, his complaint stemmed from both the Board of Trustees' decision to not extend his employment and The Board of Governors' decision in denying him tenure. Tseng also discusses the denial of tenure in his brief on appeal. While the Board of Trustees reached their decision on 8 August 2013, the Board of Governors did not make their final decision until 13 September 2013. Tseng filed his original complaint in Guilford County on 16 August 2013, almost one month before the Board of Governors reached their final decision. Therefore, like the plaintiff in Huang, Tseng prematurely filed his complaint before he exhausted the administrative remedies provided by NC A & T. The trial court correctly concluded that there was no material question of fact that Tseng had not exhausted his administrative remedies before filing suit.
3. Denial of Merit Raise
To recover under the Whistleblower Act, a plaintiff must establish a prima facie case by proving three elements by a preponderance of the evidence: "(1) that the plaintiff engaged in a protected activity, (2) that the defendant took adverse action against the plaintiff in his or her employment, and (3) that there is a causal connection between the protected activity and the adverse action taken against the plaintiff." Newberne v. Dep't of Crime Control & Pub. Safety, 359 N.C. 782, 788, 618 S.E.2d 201, 206 (2005).
The Whistleblower Act establishes that it is State policy to encourage employees to report violations of law, fraud, misappropriation of resources, dangers to public health, etc. N.C. Gen.Stat. § 126-84 (2015). The Act protects State employees from intimidation or harassment when they report on "matters of public concern." Hodge v. N.C. Dept. of Transp., 175 N.C.App. 110, 116, 622 S.E.2d 702, 706 (2005). As examples of "matters of public concern," this Court has previously protected employees alleging sex discrimination, gross abuse of authority, and obstruction of justice. See Wells v. N.C. Dep't of Corr., 152 N.C.App. 307, 567 S.E.2d 803 (2002) ; Newberne, 359 N.C. at 782, 618 S.E.2d at 201 ; Swain v. Elfland, 145 N.C.App. 383, 550 S.E.2d 530, cert. denied, 354 N.C. 228, 554 S.E.2d 832 (2001). The Act was not intended to protect an employee's right to institute a civil action concerning individual employee grievances. Hodge, 175 N.C.App. at 117, 622 S.E.2d at 707.
Here, Tseng's contention that he was denied a merit raise is not a "matter of public concern." Instead, the individual denial of a pay raise only rises to the level of an individual grievance. As a result, Tseng does not allege he is engaged in a protected activity sufficient to establish the first element of a prima facie case under the Whistleblower Act. Thus, we uphold the trial court's decision to grant summary judgment and dismiss the claim with prejudice.
V. Conclusion
For the foregoing reasons, we affirm the trial court's order dismissing Tseng's claims in part and the order granting summary judgment in favor of Defendants.
AFFIRMED.
Judges STEPHENS and INMAN concur.
Report per Rule 30(e).