BARNEY K. HUANG v. NORTH CAROLINA STATE UNIVERSITY, NORTH CAROLINA STATE UNIVERSITY BOARD OF TRUSTEES, AND BRUCE R. POULTON

No. 9110SC5

(Filed 20 October 1992)

1. **Administrative Law and Procedure § 58 (NCI4th)— state university—breach of contract claim—summary judgment for plaintiff—exhaustion of administrative remedies**

Plaintiff had not exhausted his administrative remedies before filing an action in superior court where he had been a tenured professor at NCSU; he was arrested for attempted rape and eventually convicted and imprisoned for assault on a female; he was suspended without pay and eventually terminated; he exercised his rights to appeal pursuant to the administrative remedies available in the Code of Governors of the University of North Carolina, which governs the dismissal and suspension of tenured faculty members in the University system; plaintiff filed a complaint in superior court while review was pending before the Board of Governors of the University of North Carolina; and the Board subsequently rendered a decision awarding plaintiff his salary during the time of his suspension. Plaintiff did not exhaust his University remedies prior to filing his claim in superior court because the petition to the Board was pending when the claim was filed in superior court; the premature filing was not cured when the Board rendered a decision before the superior court entered summary judgment because the trial court did not have before it the complete administrative record as required by N.C.G.S. § 150B-47. Furthermore, the correct procedure for seeking review of an administrative decision is to file a petition explicitly stating exceptions to the administrative decision rather than a complaint seeking compensatory and punitive damages.

**Am Jur 2d, Administrative Law §§ 595, 605.**

2. **Administrative Law and Procedure § 52 (NCI4th) — exhaustion of administrative remedies—inadequacy of administrative remedy**

Plaintiff failed to properly raise the issue of inadequacy of administrative remedies in an action in superior court arising from the termination of his position as a tenured professor

**HUANG v. N.C. STATE UNIVERSITY**

[107 N.C. App. 710 (1992)]

at NCSU where there was nothing in his complaint in superior court or the record on appeal to show that he raised the issue in the trial court.

**Am Jur 2d, Administrative Law §§ 595, 605.**

APPEAL by defendant North Carolina State University from order entered 26 July 1990 in WAKE County Superior Court by *Judge George R. Greene.* Heard in the Court of Appeals 15 September 1992.

*Jones Avery and Willis, by Allen D. Avery and Maola Jones, for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Thomas J. Ziko, for the State.*

GREENE, Judge.

Defendant North Carolina State University (NCSU) appeals from summary judgment in favor of plaintiff Dr. Barney Huang (Huang) on breach of contract claim. Huang filed a complaint in the superior court alleging breach of contract and intentional infliction of emotional distress by NCSU. NCSU filed an answer asserting that the court lacked jurisdiction over Huang's contract claim because Huang failed to exhaust the administrative remedies available to him. Both parties filed motions for summary judgment. The trial court granted Huang summary judgment on the contract claim. At a later hearing summary judgment for NCSU was granted on Huang's claim for intentional infliction of emotional distress. NCSU appeals summary judgment in favor of Huang on the contract claim.

Huang was a tenured professor at NCSU. In July 1988, Huang was arrested for attempted rape. Based on this criminal charge and previous complaints of alleged physical assault and verbal abuse by Huang against his colleagues, NCSU Chancellor Bruce R. Poulton (Poulton) notified Huang that NCSU intended to dismiss him from the faculty and suspended him with pay pending dismissal. Section 603 of The Code of the Board of Governors of the University of North Carolina (the Code) governs the dismissal and suspension of tenured faculty members in the University system and outlines the administrative remedies available to faculty members who contend that their suspension or dismissal is unjust. The Code requires that suspension of a faculty member be with full pay. Pursuant

to the administrative remedies available in the Code, Huang requested a hearing on the proposed dismissal before the Faculty Hearing Committee (Committee). Three days prior to the scheduled hearing, Huang was found not guilty of the rape charge, but was convicted and imprisoned on the lesser charge of assault on a female.[1] Upon learning of this conviction, Poulton notified Huang that his salary was to be terminated effective 1 January 1989. Due to Huang's incarceration, the Committee hearing was postponed until 5 January 1989. The Committee returned a finding on 1 February 1989 that Huang was guilty of misconduct great enough to render him unfit to serve as a faculty member and recommended his discharge. Poulton accepted the Committee's recommendation and discharged Huang on 7 February 1989. Pursuant to the Code, Huang appealed both Poulton's decision to dismiss him and the termination of his salary during the period of his suspension to the NCSU Board of Trustees (Trustees). The Trustees found against Huang on both these issues, whereupon Huang exercised his right under the Code to appeal the Trustees' decision by petitioning to the Board of Governors of the University of North Carolina (Board). The Board agreed to accept portions of Huang's petition. While the Board review was pending, Huang filed his complaint in superior court. Subsequent to the filing of Huang's complaint in superior court, the Board did render a decision which awarded Huang his salary during the time of his suspension.

NCSU contends that the superior court lacked jurisdiction over Huang's contract claim because Huang failed to exhaust his administrative remedies before filing his claim. Huang contends that he had exhausted his administrative remedies because the Board had reached its final decision prior to the time summary judgment was actually granted by the trial court. He also contends, in the alternative, that he was free to file his claim against NCSU directly in the superior court without exhausting administrative remedies because administrative action could not grant him the relief to which he is allegedly entitled.

---

The questions presented are: (I) whether Huang exhausted his administrative remedies prior to filing his claim in the superior

---

1. This Court overturned Huang's conviction for assault on a female and granted him a new trial due to erroneously admitted evidence concerning post-traumatic stress disorder. *State v. Huang*, 99 N.C. App. 658, 394 S.E.2d 279 (1990).

court; and (II) if not, whether Huang asserted a claim for which remedies under the Code are inadequate.

I

[1] The Administrative Procedure Act (APA), as codified in N.C.G.S. § 150B, establishes a uniform system of administrative and adjudicatory procedures for state agencies. Among these procedures are administrative remedies by which persons who are aggrieved by agency actions can seek redress. N.C.G.S. §§ 150B-38 — 150B-42 (1991). The administrative remedies available under the APA include the assignment of a contested case to an administrative law judge and the rendering of the agency's final decision on the case based on the findings of the administrative law judge. *Id.* If the results of these procedures are not satisfactory to the aggrieved party, judicial review of the agency's final decision is available under N.C.G.S. § 150B-43, which provides

> [a]ny person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article [4], unless adequate procedure for judicial review is provided by another statute . . . .

N.C.G.S. § 150B-43 (1991). Thus, five requirements must generally be satisfied before a party may ask a court to rule on an adverse administrative determination: (1) the person must be aggrieved; (2) there must be a contested case; (3) there must be a final agency decision; (4) administrative remedies must be exhausted; and (5) no other adequate procedure for judicial review can be provided by another statute. *Dyer v. Bradshaw*, 54 N.C. App. 136, 138, 282 S.E.2d 548, 550 (1981) (interpreting the same provision as contained in former N.C.G.S. § 150A-43 (1973)); *Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979) ("where the legislature has provided . . . an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse . . . to the courts").

The actions of the University of North Carolina (University), of which NCSU is a part, are specifically made subject to the judicial review procedures of N.C.G.S. § 150B-43. N.C.G.S. § 150B-1(f) (1991). The University is, however, exempt from all administrative remedies outlined in the APA. *Id.* Because no statutory ad-

ministrative remedies are made available to employees of the University, those who have grievances with the University have available only those administrative remedies provided by the rules and regulations of the University and must exhaust those remedies before having access to the courts. Therefore, before a party may ask the courts for relief from a University decision: (1) the person must be aggrieved; (2) there must be a contested case; and (3) the administrative remedies provided by the University must be exhausted.

There is no debate between the parties that Huang is an aggrieved party and that there exists a contested case, and we therefore assume their existence. NCSU argues, and we agree, that Huang did not exhaust the administrative remedies provided by the University prior to the filing of his claim in superior court.

The University system, through the agency rules set forth in the Code, allows Huang several levels of appeal. Section 603 of the Code allowed Huang to appeal first to the Committee, then to the Trustees, and finally to the Board. Huang appealed to the Committee, then to the Trustees, and finally to the Board. In each appeal he alleged that NCSU had violated the Code by dismissing him without cause and by terminating his salary during suspension in violation of the Code requirement that suspension be with full pay. This petition was pending before the Board when Huang filed his claim in superior court. Accordingly, Huang did not exhaust his University remedies prior to filing his claim in superior court and the court therefore did not have jurisdiction.

In so holding, we reject Huang's argument that the premature filing in superior court was cured because the Board actually rendered a decision before the superior court entered summary judgment. To adopt Huang's contention would make it impossible for the trial court to perform its function of reviewing the administrative proceedings based on the completed administrative record. *See Presnell*, 298 N.C. at 721-22, 260 S.E.2d at 615. The trial court did not have before it the complete administrative record, as required by N.C.G.S. § 150B-47. Indeed the trial court conducted a *de novo* hearing, not a review of the record of the agency proceedings. This is so even though the trial court was made aware of the Board's decision prior to entering summary judgment. Furthermore, Huang filed a complaint in superior court seeking compensatory and punitive damages. The correct procedure for seeking

review of an administrative decision is to file a petition in the court "explicitly stat[ing] what exceptions are taken to the [administrative] decision." N.C.G.S. §§ 150B-45, 46 (1991). This judicial review is to be conducted without a jury. N.C.G.S. § 150B-50 (1991). Huang specifically requested a jury trial.

In summary, the policy of requiring the exhaustion of administrative remedies prior to the filing of court actions "does not require merely the initiation of prescribed administrative procedures, but that they should be pursued to their appropriate conclusion and their final outcome awaited before seeking judicial intervention . . . ." 2 Am. Jur. 2d *Administrative Law* § 608 (1962). This Huang did not do.

## II

[2]   In the alternative, Huang argues that because the administrative relief provided by the Code did not permit full redress of his claims, he was not required to exhaust his administrative remedies prior to filing his claim in the superior court. Huang correctly states the general principle that "exhaustion of [administrative] remedies is not required when the only remedies available from the agency are shown to be inadequate." 5 Jacob A. Stein *et al.*, Administrative Law § 49.02[1] (1992); *Honig v. Doe*, 484 U.S. 305, 327, 98 L. Ed. 2d. 686, 709 (1988) (bypass of administrative process permitted "where exhaustion would be futile or inadequate"); *see also Orange County v. North Carolina Dept. of Transp.*, 46 N.C. App. 350, 376-77, 265 S.E.2d 890, 907-08 (1980). The burden of showing the inadequacy of the administrative remedy is on the party claiming the inadequacy, *Honig*, 484 U.S. at 327, 98 L. Ed. 2d at 709, and the party making such a claim must include such allegation in the complaint. *Snuggs v. Stanly County Dept. of Public Health*, 310 N.C. 739, 740, 314 S.E.2d 528, 529 (1984). The remedy is considered inadequate unless it is "calculated to give relief more or less commensurate with the claim." L. Jaffe, Judicial Control of Administrative Action, at 426 (1965). For example, if a party seeks monetary damages and the agency is powerless to grant such relief, the administrative remedy is inadequate. *See* Stein at § 49.02[1]. In determining the adequacy of administrative remedies, the complaint should be "carefully scrutinized to ensure that the claim for relief [is] not inserted for the sole purpose of avoiding the exhaustion rule." *Plano v. Baker*, 504 F.2d 595, 599 (2d Cir. 1974).

CROWELL CONSTRUCTORS, INC. v. N.C. DEPT. OF E.H.N.R.

[107 N.C. App. 716 (1992)]

Huang claims in his complaint that he is entitled to recover "all amounts withheld since January 1, 1989, in salary and benefits, plus interest" and "compensatory and punitive damages." He now claims that the administrative remedies available under the Code do not provide him an opportunity for monetary relief to the same degree requested in the complaint. Huang therefore contends that the superior court had jurisdiction to adjudicate his claim. We disagree. There is nothing in Huang's complaint filed in the superior court and nothing in this record to show that Huang raised in the trial court the alleged inadequacy of his administrative remedies. He has therefore failed to properly raise the issue and the complaint should. have been dismissed by the trial court.

The summary judgment is therefore

Vacated.

Judges WELLS and ORR concur.