JESSICA HARDY, A MINOR, BY AND THROUGH HER PARENT, GAIL HARDY, PLAINTIFF-APPELLANT v. BEAUFORT COUNTY BOARD OF EDUCATION; JEFFREY MOSS, SUPERINTENDENT, BEAUFORT COUNTY SCHOOLS, IN HIS OFFICIAL CAPACITY, DEFENDANTS-APPELLEES

No. COA08-1053

(Filed 20 October 2009)

## 1. Constitutional Law— right to free public education— access to alternative education

The trial court did not err by allowing defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) in an action seeking declaratory relief for defendants' alleged failure to provide an alternative education program for a student given a long-term suspension because the disposition of students who have been expelled or suspended is a decision involving the administration of the public schools which is best left to the Legislature.

## 2. Parties— failure to join necessary party—improper dismissal

The trial court's dismissal for failure to join a necessary party under N.C.G.S. § 1A-1, Rule 12(b)(7) was error because: (1) in the absence of a proper motion by a competent person, the defect should be corrected by an *ex mero motu* ruling of the court; and (2) assuming *arguendo* that the State of North Carolina was a necessary party to this action, the proper remedy was to join the State rather than dismiss the action.

## 3. Administrative Law— judicial review—subject matter jurisdiction

The trial court did not err by denying defendants' motion to dismiss for lack of subject matter jurisdiction based on plaintiff's

alleged failure to exhaust administrative remedies prior to filing this declaratory judgment action because plaintiff was challenging the constitutionality of her exclusion from alternative education during her period of suspension rather than a review of the actual suspension, and under these circumstances, plaintiff was without an adequate administrative remedy.

Judge GEER dissenting.

Appeal by plaintiff and cross-appeal by defendants from order entered on 16 May 2008 by Judge William C. Griffin, Jr. in Beaufort County Superior Court. Heard in the Court of Appeals 11 February 2009.

*Advocates for Children's Services, Legal Aid of North Carolina, Inc., by Erwin Byrd, Keith Howard, and Lewis Pitts; and Children's Law Clinic, Duke University School of Law, by Jane Wettach, for plaintiff-appellant.*

*Tharrington Smith, L.L.P., by Curtis H. Allen III and Robert M. Kennedy, Jr., for defendant-appellees.*

*Roberts & Stevens, P.A., by Christopher Z. Campbell and K. Dean Shatley, II, on behalf of North Carolina School Boards Association; and North Carolina School Boards Association, by Allison B. Schafer, amicus curae.*

CALABRIA, Judge.

Jessica Hardy ("plaintiff") was a tenth grade student at Southside High School in Beaufort County during the 2007-2008 school year. On 18 January 2008, a fight involving numerous students occurred, and plaintiff was one of the students involved. As a result, plaintiff was subsequently suspended for ten days, beginning 24 January 2008. Additionally, the principal of Southside High School recommended to Beaufort County School Superintendent Jeffrey Moss ("the superintendent"), a long-term suspension for plaintiff for the remainder of the school year. The superintendent followed this recommendation and suspended plaintiff for the remainder of the 2007-2008 school year.

On 26 February 2008, plaintiff filed an action seeking declaratory relief from the Beaufort County Superior Court, alleging the Beaufort County Board of Education and the superintendent ("defendants") violated her constitutional rights Specifically, plaintiff alleged defend-

ants' failure to provide an alternative education program for a student given a long-term suspension violated her constitutional right to a free public education. Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction asking the trial court to order defendants to provide plaintiff with access to educational services during her period of suspension. This motion was denied and the trial court dismissed plaintiff's complaint, pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 12(b)(7) (2007) of the North Carolina Rules of Civil Procedure. However, the trial court refused to dismiss plaintiff's complaint pursuant to Rule 12(b)(1). Plaintiff appeals the dismissal of her complaint. Defendants cross-appeal the court's denial of their Motion to Dismiss pursuant to Rule 12(b)(1).

## I. Dismissal pursuant to Rule 12(b)(6)

[1] Plaintiff argues that the trial court erred by allowing defendants' Motion to Dismiss for failing to state a claim for which relief can be granted, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). We disagree.

On a Motion to Dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory[.]" *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (citation omitted). The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief. *See Dixon v. Stuart*, 85 N.C. App. 338, 354 S.E.2d 757 (1987). A superior court's decision to dismiss a complaint under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure is reviewed *de novo* by this Court. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003).

Plaintiff argues that the trial court erred by relying on *In re Jackson*, 84 N.C. App. 167, 352 S.E.2d 449 (1987) in assessing her claims. Plaintiff believes that *Jackson* is no longer viable after the decisions of the North Carolina Supreme Court in *Leandro v. State of North Carolina*, 346 N.C. 336, 488 S.E.2d 249 (1997) and *Hoke Cty. Bd. of Educ. v. State*, 358 N.C. 605, 599 S.E.2d 365 (2004). Both *Leandro* and *Hoke* addressed the qualitative aspects of a public education, determining that N.C. Const. art. I, § 15 and N.C. Const. art. IX, § 2 "combine to guarantee every child of this state an opportunity to

receive a sound basic education in our public schools." *Leandro*, 346 N.C. at 347, 488 S.E.2d at 255. Specifically, the *Leandro* and *Hoke* Courts were attempting to remedy significant funding disparities between school districts statewide that were depriving students in poorer districts the opportunity to receive quality education. *Leandro* set out the essential pieces of what it considered to be a sound basic education, which is

> one that will provide the student with at least: (1) sufficient ability to read, write, and speak the English language and a sufficient knowledge of fundamental mathematics and physical science to enable the student to function in a complex and rapidly changing society; (2) sufficient fundamental knowledge of geography, history, and basic economic and political systems to enable the student to make informed choices with regard to issues that affect the student personally or affect the student's community, state, and nation; (3) sufficient academic and vocational skills to enable the student to successfully engage in post-secondary education or vocational training; and (4) sufficient academic and vocational skills to enable the student to compete on an equal basis with others in further formal education or gainful employment in contemporary society.

*Id.* The problems addressed in these cases were limited to the quality of education in the context of school financing and did not address in any way the subject of school discipline.

Neither the *Leandro* nor the *Hoke* decision provides any guidance on how the fundamental right for an opportunity to receive a sound basic education applies in the context of student discipline. The last pronouncement specifically on the issue was by this Court in *Jackson*. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same Court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). *Jackson* specifically dealt with the issue of long term student suspensions without access to alternative education, and found the arrangement to be acceptable. "Reasonable regulations punishable by suspension do not deny the right to an education but rather deny the right to engage in the prohibited behavior." *Jackson*, 84 N.C. App. at 176, 352 S.E.2d at 455. The Court went on to say:

> A student's right to an education may be constitutionally denied when outweighed by the school's interest in protecting other stu-

dents, teachers, and school property, and in preventing the dis-
ruption of the educational system. As a general rule, a student
may be constitutionally suspended or expelled for misconduct
whenever the conduct is of a type the school may legitimately
prohibit, and procedural due process is provided.

*Id.* This pronouncement applies directly to the plaintiff's situa-
tion and justifies the decision to suspend her until the 2008-2009
school year.

The disposition of students who have been expelled or suspended
long term is ultimately a decision involving the administration of the
public schools, a decision which is best left to the Legislature. As the
Court noted in *Jackson,*

[A] juvenile court judge does not have the power to legislate or to
force school boards to do what he thinks they should do. Our leg-
islature did not impose upon the public schools or other agency a
legal obligation to provide an alternative forum for suspended
students, and a court may not judicially create the obligation.

*Id.* at 178, 352 S.E.2d at 456. This statement is echoed in *Leandro*.
"[T]he administration of the public schools of the state is best left
to the legislative and executive branches of government." *Leandro,*
346 N.C. at 357, 488 S.E.2d at 261. Since the decision in *Jackson*
the Legislature has decreed that "[e]ach local board of education
shall establish at least one alternative learning program and shall
adopt guidelines for assigning students to alternative learning pro-
grams." N.C. Gen. Stat. § 115C-47(32a) (2007). These guidelines
include "strategies for providing alternative learning programs, when
feasible and appropriate, for students who are subject to long term
suspension or expulsion." *Id.* The Legislature has clearly considered
the issue of alternative education for students who are either sus-
pended long term or expelled, and it did not choose to make access
to alternative education mandatory. We have no authority to question
this judgment.

There is nothing in either *Leandro* or *Hoke* that indicates that the
Supreme Court intended to disturb precedent or change the standard
of review regarding school discipline. Plaintiff's claims do not
address the qualitative aspect of her education, as in *Leandro,* but
deal instead with her right to access the public education system.
Without a clear indication from a higher court or the Legislature that
*Jackson* is no longer good law, we are bound by precedent. The trial

court, relying on *Jackson*, properly dismissed plaintiff's complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Because dismissal was proper on these grounds, we need not consider plaintiff's additional Rule 12(b)(6) claims.

## II. Dismissal pursuant to Rule 12(b)(7)

[2] Although it is not relevant to our disposition of this case, we note that the trial judge's dismissal for failure to join a necessary party pursuant to Rule 12(b)(7) was error. A trial court is in error when it dismisses a case because a necessary party has not been joined. *White v. Pate*, 308 N.C. 759, 764, 304 S.E.2d 199, 202 (1983). When the absence of a necessary party is disclosed, the trial court should refuse to deal with the merits of the action until the necessary party is brought into the action. *Booker v. Everhart*, 294 N.C. 146, 158, 240 S.E.2d 360, 367 (1978). "[I]n the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the court." *Id.* Assuming, *arguendo*, that the State of North Carolina was a necessary party to this action, the proper remedy was to join the State rather than dismiss the action.

## III. Dismissal pursuant to Rule 12(b)(1)

[3] Defendants, in their only cross-assignment of error, argue that the trial court erred by denying their motion to dismiss based upon a lack of subject matter jurisdiction. We disagree.

Subject matter jurisdiction is a prerequisite for the exercise of judicial authority over any case or controversy. *Harris v. Pembaur*, 84 N.C. App. 666, 667-68, 353 S.E.2d 673, 675 (1987). The standard of review on a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is *de novo*. *Fuller v. Easley*, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001).

Defendants argue the trial court lacked subject matter jurisdiction over plaintiff because she failed to utilize the administrative remedies available to her before instituting her action. "[W]here the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts." *Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979). However, when the only remedies available from the agency are shown to be inadequate, a party may seek redress in a court without exhausting administrative remedies. *Huang v. N.C. State University*, 107 N.C. App. 710, 715, 421 S.E.2d 812, 815-16 (1992).

HARDY v. BEAUFORT CNTY. BD. OF EDUC.

[200 N.C. App. 403 (2009)]

Defendants allege that plaintiff failed to take advantage of available appeals pursuant to N.C. Gen. Stat. § 115C-391(e) before filing her action. This statute provides that a student suspended for more than ten days may appeal that suspension to the local school board. If the school board upholds the suspension, the student may then seek review in the superior court. N.C. Gen. Stat. § 115C-391(e) (2007). In the instant case, plaintiff filed her action in superior court while the appeal of her suspension before the school board was still pending.

The timing of the filing of plaintiff's action is immaterial because the issues raised by the action could not be addressed by the school board as part of the appeals process. Plaintiff was challenging the constitutionality of her exclusion from alternative education during her period of suspension; she was not seeking review of the actual suspension. The statute would only allow review of the latter, while no administrative procedure would permit review of the former. Under these circumstances, plaintiff was without an adequate administrative remedy and her claim was properly before the superior court. Defendants' cross-assignment of error is overruled.

Affirmed.

Judge ELMORE concurs.

Judge GEER dissents in a separate opinion.

GEER, Judge, dissenting.

For the reasons set out in my dissent filed today in *King v. Beaufort County Bd. of Educ.*, No. COA08-1038, I must respectfully dissent from the majority opinion in this case.