HENRY V. JOHNSON, JR., Plaintiff v. THE UNIVERSITY OF NORTH CAROLINA
AND WINSTON-SALEM STATE UNIVERSITY, Defendants

No. COA09-783

(Filed 2 February 2010)

**Administrative Law— judicial review—failure to exhaust administrative remedies**

The trial court did not err by concluding it lacked jurisdiction and by granting defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(1) plaintiff's action for breach of an employment contract based on wrongful discharge. Plaintiff elected to pursue his administrative remedies in connection with his discharge and failed to exhaust his administrative remedies.

Appeal by plaintiff from order entered 5 March 2009 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 30 November 2009.

*Morgan, Herring, Morgan, Green, & Rosenblutt, L.L.P., by Todd J. Combs, for plaintiff-appellant.*

*Roy Cooper, Attorney General, by Brian R. Berman, Assistant Attorney General, for the State.*

MARTIN, Chief Judge.

Plaintiff Henry V. Johnson, Jr. appeals from the Wake County Superior Court's order granting defendants' motion to dismiss plaintiff's action. We affirm.

Our recitation of the facts is limited to those relevant to the issue before us on appeal. In November 2004, plaintiff was employed under a one-year probationary term appointment as an assistant professor by defendant Winston-Salem State University ("defendant WSSU"), one of the constituent institutions of defendant University of North Carolina ("defendant UNC"). On 16 November 2004, the provost and vice chancellor of defendant WSSU sent plaintiff a letter advising him that he had been recommended for a two-year term appointment as assistant professor for two nine-month academic years, beginning 15 August 2005 and ending 16 May 2007. The contract for plaintiff's two-year term appointment specified that the agreement was "subject to and governed by pertinent provisions of the Winston-Salem

University Tenure Policies and Regulations [("Tenure Regulations")] and Chapter Six of the Code of The University of North Carolina [("UNC Code")], as written and as may be revised and [wa]s hereby incorporated by reference."

On 4 December 2006, defendant WSSU sent plaintiff a letter notifying him that he was suspended with pay effective immediately pending further investigation "because of the unprofessional conduct [plaintiff] displayed on November 27, 2006 . . . and because of concerns about [his] classroom behavior." On 3 April 2007, defendant WSSU notified plaintiff that it intended to discharge him "because of [his] job performance" and that he had "the right to request the written specification of the reasons for the intended discharge" within ten business days pursuant to Section IV of the Tenure Regulations. On 20 April 2007, presumably in response to a request from plaintiff, defendant WSSU sent a letter to plaintiff enumerating the reasons for defendant WSSU's intention to discharge him. In this letter, the provost and vice chancellor for defendant WSSU cited eight grounds to support its determination that plaintiff neglected his duty as an assistant professor, and two grounds to support its determination that plaintiff committed misconduct. The letter continued that, upon receiving the reasons for his discharge, plaintiff could request a hearing to contest the stated reasons for his discharge. Plaintiff admits that he requested a hearing on the matter.

On 31 May 2007, defendant WSSU sent plaintiff a letter indicating that a hearing had been conducted and that the Committee on Discharge, Non-Reappointment and Non-Promotion ("the Committee") "unanimously concluded that the administration established its case on counts of neglect of duty and misconduct." On 26 June 2007, defendant WSSU notified plaintiff that, since he failed to give notice that he would appeal from the decision to discharge him— which, according to the Tenure Regulations, must have been filed within ten days after he was informed of the final decision to do so— plaintiff was dismissed as a faculty member and was to be removed from payroll as of 30 June 2007.

In August 2008, plaintiff filed a complaint against defendants in superior court, alleging that defendants "breached the contract of employment by wrongfully discharging [p]laintiff" because defendants "never had authority to discharge [p]laintiff for alleged neglect of duty or alleged misconduct under the terms of the parties['] contract." On 11 September 2008, defendants moved to dismiss the action pursuant to N.C.G.S. § 1A-1, Rule 12(b)(1), (2), and (6). After a hear-

ing, the trial court granted defendants' motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(1) on the grounds that "plaintiff elected to pursue his administrative remedies in connection with his discharge and failed to exhaust his administrative remedies in connection with his discharge." Consequently, the trial court dismissed plaintiff's claims. Plaintiff appeals.

Plaintiff contends the trial court has subject matter jurisdiction over the action because plaintiff "exhausted his administrative remedies according to the procedures set forth in the [Tenure Regulations]" prior to filing the present action. We disagree.

"An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies." *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 220, 517 S.E.2d 406, 410 (1999). An appellate court's review of such a dismissal is *de novo*. *See Smith v. Privette*, 128 N.C. App. 490, 493, 495 S.E.2d 395, 397, *appeal dismissed*, 348 N.C. 284, 501 S.E.2d 913 (1998).

"The actions of [defendant UNC], of which [defendant WSSU] is a part, are specifically made subject to the judicial review procedures of N.C.G.S. § 150B-43," *see Huang v. N.C. State Univ.*, 107 N.C. App. 710, 713, 421 S.E.2d 812, 814 (1992), which provides, in part:

Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article . . . .

N.C. Gen. Stat. § 150B-43 (2009). However, defendant UNC is "exempt from all administrative remedies outlined in the APA." *See Huang*, 107 N.C. App. at 713, 421 S.E.2d at 814. Thus, "[b]ecause no statutory administrative remedies are made available to employees of [defendant UNC], those who have grievances with [defendant UNC] have available only those administrative remedies provided by the rules and regulations of [defendant UNC] and must exhaust those remedies before having access to the courts." *Id.* at 713-14, 421 S.E.2d at 814. Therefore, before a party may ask the courts for relief pursuant to N.C.G.S. § 150B-43 from a decision of a constituent institution of defendant UNC: "(1) the person must be aggrieved; (2) there must be a contested case; and (3) the administrative remedies provided by [defendant UNC] must be exhausted." *See id.* at 714, 421 S.E.2d at 814. Since the parties in the present case dispute only whether plain-

tiff has exhausted the administrative remedies provided by defendants, we limit our review to this issue.

As indicated above, the parties agree that the contract for plaintiff's two-year term appointment was subject to the Tenure Regulations and the UNC Code. According to Section IV of the Tenure Regulations and Section 603 of the UNC Code, entitled "Due Process Before Discharge or the Imposition of Serious Sanctions," although plaintiff's two-year term appointment was not a tenured position, plaintiff was "regarded as having tenure until the end of [his] term," and so was guaranteed that he could be "discharged or suspended from employment or diminished in rank only for reasons of incompetence, neglect of duty, or misconduct of such a nature as to indicate that [plaintiff was] unfit to continue as a member of the faculty."

Plaintiff admits that he received defendant WSSU's letter dated 3 April 2007 notifying him that it intended to discharge him and that he had "the right to request the written specification of the reasons for the intended discharge" pursuant to Section IV of the Tenure Regulations. Plaintiff further admits that he notified defendant WSSU that he "challenged its decision" and requested a hearing on the matter.

After plaintiff's case was heard by the Committee and it "unanimously concluded that the administration established its case on counts of neglect of duty and misconduct," plaintiff does not dispute that he did not appeal to the Board of Trustees from the Committee's decision to discharge him. Instead, plaintiff suggests that, because the administrative procedures provide that a faculty member "may" appeal an adverse decision to the Board of Trustees but do not provide that a faculty member "shall" appeal, plaintiff was not *required* to appeal from the decision to discharge him to the Board of Trustees before filing the present action in order to have exhausted his administrative remedies. While we agree that plaintiff was not *required* to pursue *any* appeal from defendant WSSU's decision to discharge him, as we stated above, before a party may seek judicial review of a decision by a constituent institution of defendant UNC, that party must exhaust "the administrative remedies *provided by* [defendant UNC]." *See Huang*, 107 N.C. App. at 714, 421 S.E.2d at 814 (emphasis added). Here, defendants provided plaintiff with "several levels of appeal," "first to the Committee [on Discharge, Non-Reappointment and Non-Promotion], then to the Trustees, and finally to the Board [of Governors]." *See id.* at 714, 421 S.E.2d at 815. Plaintiff elected to appeal to the Committee, but chose not to pursue the other levels of

appeal provided by defendants. This Court has concluded that "the policy of requiring the exhaustion of administrative remedies prior to the filing of court actions does not require merely the initiation of prescribed administrative procedures, but that they should be pursued to their appropriate conclusion and their final outcome awaited before seeking judicial intervention . . . ." *See id.* at 715, 421 S.E.2d at 815 (omission in original) (internal quotation marks omitted). Since plaintiff elected not to pursue each level of appeal provided by defendants, we conclude that plaintiff did not exhaust his remedies prior to filing the present action in superior court. Accordingly, we hold the trial court correctly concluded that it lacked jurisdiction to consider whether defendants wrongfully discharged plaintiff for neglect of duty and misconduct.

Affirmed.

Judges ELMORE and GEER concur.