NO. COA14-178

NORTH CAROLINA COURT OF APPEALS

Filed: 16 December 2014

ERIC TUCKER,
    Plaintiff

    v.                       Cumberland County
                                   No. 13 CVS 2946
FAYETTEVILLE STATE UNIVERSITY and
JAMES A. ANDERSON, Chancellor,
    Defendants


Appeal by plaintiff from order entered 8 November 2013 by Judge Lucy Inman in Cumberland County Superior Court. Heard in the Court of Appeals 13 August 2014.

> *McGeachy, Hudson & Zuravel, by Donald C. Hudson, for plaintiff-appellant.*

> *Attorney General Roy Cooper, by Special Deputy Attorney General Kimberly D. Potter, for defendant-appellees.*


CALABRIA, Judge.


Plaintiff Eric Tucker ("plaintiff") appeals from an order dismissing his complaint with prejudice and, alternatively, granting Fayetteville State University's ("FSU") and University Chancellor James A. Anderson's ("Anderson") (collectively, "defendants") motion for summary judgment. We affirm.

Plaintiff had a written employment contract and had been employed as the head coach of the FSU women's basketball team

for sixteen years. During plaintiff's tenure, he never had any negligent evaluations, reprimands, or warnings. According to plaintiff, he always executed his duties in an exemplary manner.

In April 2009, FSU's Department of Police and Public Safety ("FSU DPPS") investigated allegations regarding plaintiff's inappropriate language towards team members, assault on a team member, and threats to terminate team members' athletic scholarships. As a result of FSU DPPS's report, Anderson decided there were grounds for termination. FSU subsequently informed plaintiff that he could either resign his position or FSU would begin the process of terminating his employment. In a letter dated 21 April 2009, plaintiff notified the FSU athletic director of his decision to retire. On 1 July 2009, plaintiff did in fact retire, even though his contract did not expire until 30 June 2010.

On 23 December 2009, plaintiff filed a complaint against defendants seeking compensatory damages for breach of contract, alleging FSU lacked just cause to terminate his employment and forced him to resign against his will. Defendants filed a motion to dismiss. On 22 April 2010, the trial court granted defendants' motion and dismissed the action with prejudice pursuant to Rule 12(b)(6). On appeal, this Court reversed the

dismissal. After the case was remanded, plaintiff voluntarily dismissed that complaint without prejudice.

On 12 April 2013, plaintiff timely refiled his complaint against defendants, alleging, *inter alia*, that defendants breached his employment contract because defendants lacked just cause to terminate his employment and forced him to resign against his will. Plaintiff alleged that "the grievance system set up by the Defendants does not allow for the Plaintiff to receive the compensatory damages to which he is entitled based upon the alleged breach of contract and the resulting damage to the Plaintiff's ability to engage in his profession." Defendants subsequently filed a motion to dismiss pursuant to N.C.R Civ. P. 12(b)(1) and 12(b)(2) on the grounds that plaintiff failed to exhaust his administrative remedies and sovereign immunity. Defendants also included a motion for summary judgment on the grounds that there was no genuine issue of material fact with respect to the breach of plaintiff's employment contract. On 8 November 2013, the trial court entered an order dismissing plaintiff's complaint with prejudice and in the alternative granted defendants' motion for summary judgment. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erred in granting both defendants' motion to dismiss the complaint and defendants' motion for summary judgment. We disagree.

"An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. An appellate court's review of such a dismissal is *de novo*." *Johnson v. Univ. of N.C.*, 202 N.C. App. 355, 357, 688 S.E.2d 546, 548 (2010) (citations and quotations omitted).

"Any party or person aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to the party or person aggrieved by statute or agency rule, is entitled to judicial review of the decision[.]" N.C. Gen. Stat. § 150B-43 (2013). The actions of the University of North Carolina and its constituent institutions are subject to the judicial review procedures of N.C. Gen. Stat. § 150B-43. *Huang v. N.C. State University*, 107 N.C. App. 710, 713, 421 S.E.2d 812, 814 (1992). Since FSU is a constituent institution of the University of North Carolina pursuant to N.C. Gen. Stat. § 116-4 (2013), any action taken is subject to specific review procedures. "Because no statutory administrative remedies are made available to employees of the University [of North Carolina], those who have grievances with

the University have available only those administrative remedies provided by the rules and regulations of the University and must exhaust those remedies before having access to the courts." *Huang,* 107 N.C. App. at 713-14, 421 S.E.2d at 814. "Therefore, before a party may ask the courts for relief from a University decision: (1) the person must be aggrieved; (2) there must be a contested case; and (3) the administrative remedies provided by the University must be exhausted." *Id.* at 714, 421 S.E.2d at 814. Additionally, "the complaint should be carefully scrutinized to ensure that the claim for relief is not inserted for the sole purpose of avoiding the exhaustion rule." *Id.* at 715, 421 S.E.2d at 816 (citation omitted).

As an initial matter, the correct procedure for seeking review of an administrative decision is to file a petition in court, explicitly stating the exceptions taken to the administrative decision. *Id.* at 715, 421 S.E.2d at 815. "The burden of showing the inadequacy of the administrative remedy is on the party claiming the inadequacy, and the party making such a claim must include such allegation in the complaint." *Id.* (citations omitted). "In order, however, to rely upon futility or inadequacy, allegations of the facts justifying avoidance of the administrative process must be pled in the complaint." *Justice for Animals, Inc. v. Robeson Cty.*, 164 N.C. App. 366,

372, 595 S.E.2d 773, 777 (2004) (citation and internal quotation marks omitted).

In the instant case, according to plaintiff's employment contract, plaintiff was "subject to Fayetteville State University's Employment Policies for Personnel Exempt from the State Personnel Act" (the "employment policies"). The employment policies are incorporated by reference and include grievance policies and procedures for employees to secure review of decisions concerning discharge or termination of employment. Therefore, plaintiff was entitled to all of the procedures available in the employment policies. Those procedures included, *inter alia*, a written grievance to the Director of Human Resources, a hearing before a grievance committee, and ultimately review of the grievance by the University of North Carolina Board of Governors. Once plaintiff completed that process, he would have been entitled to judicial review of the decision pursuant to N.C. Gen. Stat. § 150B-43.

Nevertheless, plaintiff elected not to pursue any of the administrative remedies available to him, arguing that the administrative remedies provided by FSU were so inadequate that he essentially had no effective administrative remedies. Plaintiff contends that due to his unique position as a basketball coach, the outcome of any administrative remedy

"would have been so unfair to the team and the coach as to render such procedures virtually meaningless." Specifically, plaintiff contends that, as a basketball coach, proceeding with an administrative remedy would cause damage to the basketball team, and "a coach who has formed close bonds with the players on his team could not be reasonably expected to damage the team in that manner."

Plaintiff correctly relies on *Huang* for the proposition that he was not required to exhaust his administrative remedies "when the only remedies available from the agency are shown to be inadequate." *Huang*, 107 N.C. App. at 715, 421 S.E.2d at 815 (citation omitted). Huang, as a tenured professor, filed a complaint in superior court seeking compensatory damages rather than pursuing administrative remedies, believing them to be inadequate. *Id*. at 712, 421 S.E.2d at 814. Plaintiff, like Huang, is an aggrieved party in a contested case. Unlike Huang, plaintiff supports his argument with his loyalty to the basketball team. However, plaintiff provides no authority to support his contention that his loyalty to the basketball team satisfies his burden of showing the inadequacy of the administrative remedy. Since plaintiff submitted a letter indicating his decision to retire rather than requesting a hearing, then filed a complaint, plaintiff not only failed to

meet his burden of showing that the administrative remedies were inadequate, but also essentially avoided the exhaustion rule. Therefore, the trial court lacked subject matter jurisdiction and properly dismissed plaintiff's complaint.  Since we find that the trial court properly granted defendants' motion to dismiss because plaintiff failed to carry his burden of proving that the administrative remedies available to him were inadequate, and therefore failed to exhaust his administrative remedies, we do not reach the issue of sovereign immunity.

Although plaintiff also argues that the trial court erred in granting defendants' motion for summary judgment, since the trial court lacked subject matter jurisdiction, we need not address plaintiff's remaining arguments.  The trial court properly dismissed plaintiff's complaint with prejudice.  We therefore affirm the order of the trial court.

Affirmed.

Judges ELMORE and STEPHENS concur.