INMAN, Judge.
When a landowner fails timely to appeal a notice of zoning ordinance violation to a local board of adjustment as provided in the zoning ordinance, he fails to exhaust the available administrative remedy, depriving the courts of subject matter jurisdiction to address the dispute.
Plaintiff Mark E. Funderburk ("Plaintiff") appeals from an order dismissing his claims against Defendant City of Greensboro arising from a zoning dispute because Plaintiff failed to exhaust administrative remedies. Plaintiff argues that the trial court erred because the parties entered into an enforceable agreement resolving the dispute, thereby creating a justiciable cause of action within the subject matter jurisdiction of the superior court. After careful review, we affirm the order of the trial court.
FACTUAL AND PROCEDURAL HISTORY
The record reveals the following facts:
Plaintiff owns contiguous parcels of real property ("the Property") located within Greensboro and subject to the city's zoning jurisdiction. Plaintiff and his family have operated a commercial contracting business on the Property since 1948. The Property was outside the city limits until it was annexed in 1957. Following the annexation and until January 2015, Plaintiff operated his business on the property without significant interruption. Plaintiff also maintains a house on the Property.
On 20 January 2015, following the receipt of a zoning complaint, Greensboro Zoning Enforcement Officer Jeff McClintock ("McClintock") inspected the Property. McClintock found several large tractor trailer cabs, dump trucks, and a dump truck bed that was not attached to a truck on the Property. McClintock determined that the Property was located within a residential, single-family zoning district and that Plaintiff's use violated the Greensboro Land Development Ordinance. McClintock issued and delivered a Notice of Violation to Plaintiff on 27 January 2015.
The Notice of Violation asserted that the Property was in violation of section 30-8-1 of the Greensboro Development Ordinance because "[a] trucking storage and repair business is not a permitted use in resident (R-5) zoning" and directed Plaintiff to "[c]ease business operations and remove all trucking equipment and accessory supplies." The Notice of Violation also stated that Plaintiff "may appeal this decision of the Zoning Enforcement Officer to the Board of Adjustment within thirty (30) days from the receipt of this notice.... In the absence of an appeal, the decision of the Zoning Enforcement Officer shall be final ." (emphasis added.)
Plaintiff did not, within thirty days or at any time, appeal the Notice of Violation to the Board of Adjustment.
Over the next several months, McClintock re-inspected the Property multiple times, finding continuing zoning violations and issuing citations imposing civil penalties. Each citation noted that the Property was in violation because a trucking storage and repair business was not a permitted use. The last of these citations was issued on 18 November 2015.
On 7 July 2015, Greensboro Zoning Administrator Mike Kirkman sent a letter to Plaintiff ("the July 2015 Letter") reiterating that the Property was in violation of city ordinance, but communicating city zoning staff's decision that Plaintiff would be allowed to continue operating a commercial contracting business on the Property as a nonconforming use, subject to certain restrictions and on the condition that Plaintiff relocate large industrial size vehicles and equipment within 60 days of receipt of the letter.
Plaintiff did not remove the large vehicles and equipment from the Property or otherwise respond to the July 2015 Letter within 60 days.
In April 2016, more than a year after Plaintiff received the Notice of Violation and eight months after the July 2015 Letter, the city attorney's office sent a letter to Plaintiff ("the April 2016 Letter") noting that the continued presence of industrial scale equipment, junk, and debris on the Property was in violation of the zoning ordinance.[1] The April 2016 Letter reviewed efforts by city staff to help Plaintiff achieve compliance, including offering to help Plaintiff apply to have a nearby parcel rezoned for light industrial use in order to provide a suitable place for the storage of Plaintiff's trucks.
Plaintiff did not send a response to the April 2016 Letter but continued to engage in discussions with city zoning staff regarding the Property.
More than six months later, on 23 November 2016, the city attorney's office sent a letter to Plaintiff ("the November 2016 Letter") attempting to collect the civil penalties assessed in the citations for Plaintiff's violations of the zoning ordinance.
On 20 December 2016, counsel for Plaintiff responded to the November 2016 Letter, asserting that all issues regarding Plaintiff's use of the Property had been resolved and disputing the City's collection attempts. The letter specifically asserted that Plaintiff and city staff had reached agreement for Plaintiff to continue to store up to two vehicles, having no more than 12 wheels each, on the Property.
In March 2017, Plaintiff visited the City's Collections Department regarding the civil penalties assessed against him and asserted that the penalties were issued in error. The Collections Department staff had no authority to adjust the penalties or address the zoning issue.
In May 2017, Plaintiff filed suit in Guilford County Superior Court, seeking a declaratory judgment that he was not in violation of Greensboro's zoning ordinances and additional relief.[2]
The city filed motions to dismiss Plaintiff's complaint based on lack of subject matter jurisdiction and for summary judgment. The trial court granted the city's motions and entered an order dismissing Plaintiff's action. Plaintiff appeals.
ANALYSIS
If an effective administrative remedy exists, it is the exclusive remedy available and must be exhausted before a party may turn to the courts for relief. See Presnell v. Pell , 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979). "An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies." Shell Island Homeowners Ass'n v. Tomlinson, 134 N.C. App. 217, 220, 517 S.E.2d 406, 410 (1999).
We review de novo the trial court's conclusions of law in an order dismissing an action for lack of subject matter jurisdiction. Johnson v. Univ. of N. Carolina, 202 N.C. App. 355, 357, 688 S.E.2d 546, 548 (2010). When employing de novo review, the appellate court considers the matter anew and substitutes its judgment for that of the trial court. Blow v. DSM Pharm., Inc. , 197 N.C. App. 586, 588, 678 S.E.2d 245, 248 (2009).
The legislature has created an administrative remedy in municipal zoning disputes by allowing aggrieved parties to appeal to local boards of adjustment. Section 160A-388(b1) of the General Statutes provides that zoning decisions made by municipal administrative officials may be appealed to the city board of adjustment by filing notice with the city clerk within 30 days of receipt of written notice of the decision. N.C. Gen. Stat. § 160A-388(b1) (2018). The statute provides that "[a]s used in this section, the term 'decision' includes any final and binding order, requirement, or determination." Id . § 160A-388(a1). A property owner who fails to appeal within 30 days of receiving a notice of violation or other zoning decision waives his right to dispute the decision before the local board of adjustment and in court. Grandfather Village v. Worsley, 111 N.C. App. 686, 689, 433 S.E.2d 13, 15 (1993).
The Greensboro Land Development Ordinance is consistent with Section 160A-388(b1). Section 30-5-3 of the Ordinance provides that Notices of Violation may be appealed to the Greensboro Board of Adjustment within 30 days of receipt of notice.
Plaintiff never appealed either the 27 January 2015 Notice of Violation or the July 2015 Letter. Plaintiff's failure to exhaust his administrative remedies deprived the trial court of subject matter jurisdiction in this matter.
Rather than attempting to appeal the Notice of Violation or the assessment of civil penalties, Plaintiff disputes enforcement by the City inconsistent with the Notice. Plaintiff argues that the City's July 2015 Letter stating its decision to allow him to continue a nonconforming use including storing no more than two commercial trucks upon the Property, as well as the April 2016 letter and discussions with City staff, precluded the City's assertion that dump trucks are impermissible and bar the City's collection efforts based on the doctrine of quasi-estoppel.
Plaintiff, by failing to appeal from the Notice of Violation, waived his right to contest that his commercial use of the Property is in violation of the City's zoning ordinances. By the time the City transmitted the July Letter, Plaintiff had lost his right to appeal by waiver.
The July 2015 Letter offered a compromise independent of Greensboro's enforcement rights against Plaintiff: if Plaintiff would remove the specified industrial vehicles - i.e ., the dump trucks - from the Property within 60 days, Greensboro would allow the nonconforming commercial business to continue. More than eight months later, when the city attorney's office sent the April 2016 Letter, Plaintiff still had not removed all "industrial scale equipment." Because Plaintiff failed to appeal the Notice of Violation to the Board of Adjustment, he waived his right to dispute the decision - including the classification of his dump trucks as violating the zoning ordinance - in the courts.
Plaintiff also argues that the doctrine of quasi-estoppel precluded the trial court from dismissing his claim. Plaintiff contends that city staff allowed him to store "commercial" scale dump trucks, as opposed to "industrial" scale dump trucks, on the Property. Plaintiff's argument is without merit because he waived his right to appeal the Notice of Violation prior to any further communications from city staff and because the trial court made no finding that the parties had agreed to distinguish between "industrial" and "commercial" vehicles.
The July 2015 Letter specified that Plaintiff was violating the zoning ordinance because "there are currently a number of large industrial size vehicles (dump trucks, large semis, and truck trailers, etc.) being stored at this location[.]" The April 2016 Letter again described "prohibited industrial scale vehicles (dump trucks, large tractor trailers)" that Plaintiff had relocated from the Property to another prohibited location. The correspondence consistently asserted that dump truck storage violated the zoning ordinance and did not fall within the nonconforming use that city staff offered to allow Plaintiff to continue on the Property.
The doctrine of quasi-estoppel applies when an opposing party has taken clearly inconsistent positions. Whitacre P'ship v. Biosignia, Inc. , 358 N.C. 1, 29, 591 S.E.2d 870, 888 (2004). In this case, as detailed above, Greensboro took a consistent position regarding the storage of dump trucks in all notices, citations, and correspondence with Plaintiff. Plaintiff's quasi-estoppel argument therefore fails.
By failing to timely appeal the Notice of Violation or any other decision by City administrative staff to the Board of Adjustment, Plaintiff failed to exhaust his administrative remedies and deprived the superior court of subject matter jurisdiction regarding this matter.
AFFIRMED.
Report per Rule 30(e).
Judges TYSON and ARROWOOD concur.

The April 2016 Letter noted that although Plaintiff had removed industrial scale vehicles from the Property, he had relocated the vehicles to other properties in Greensboro where their storage was prohibited.

Plaintiff's complaint also asserted claims for tortious interference with employment and for inverse condemnation. Plaintiff does not appeal the trial court's dismissal of those claims.